# United States Court of Appeals for the Federal Circuit

04-7034

TIMOTHY J. JORDAN,

Claimant-Appellant,

v.

R. JAMES NICHOLSON, Secretary of Veterans Affairs,

Respondent-Appellee.

Helen S. Irza, Morrison & Foerster LLP, San Diego, California, argued for claimant-appellant. On the brief was Ronald L. Smith. Of counsel was Donald E. Purcell, Disabled American Veterans, of Washington, DC.

Martin F. Hockey, Jr., Senior Trial Counsel, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, argued for respondent-appellee. With him on the brief were Peter D. Keisler, Assistant Attorney General and David M. Cohen, Director. Of counsel on the brief were Michael J. Timinski, Deputy Assistant General Counsel and David J. Barrans, Staff Attorney, United States Department of Veterans Affairs, of Washington, DC.

Appealed from: United States Court of Appeals for Veterans Claims

Judge Jonathan R. Steinberg

# United States Court of Appeals for the Federal Circuit

04-7034

TIMOTHY J. JORDAN,

Claimant-Appellant,

v.

R. JAMES NICHOLSON, Secretary of Veterans Affairs,

Respondent-Appellee.

_____

DECIDED:  March 15, 2005
_____

Before NEWMAN, RADER, and BRYSON, Circuit Judges.

RADER, Circuit Judge.

The Court of Appeals for Veterans Claims (Veterans Court) affirmed the Board of Veterans' Appeals' (Board's) decision, which rejected Timothy Jordan's claim.  Mr. Jordan had asserted that a 1983 Board decision denying him service connection status on a knee disorder contained clear and unmistakable error (CUE).  Jordan v. Principi, No. 00-206 (Vet. App. Sept. 24, 2003).  Because the Veterans Court correctly determined that CUE does not arise from a change in the interpretation of a statute, this court affirms.

I.

Mr. Jordan served in the military for one month and nineteen days, from November 1969 through January 1970.  Fifteen months before entering service, Mr. Jordan suffered left and right knee injuries from a motorcycle accident.  Mr.

Jordan's medical entrance examination report records a scar below the left knee but otherwise makes no mention of these injuries. Less than one month after service entry, Mr. Jordan complained of right knee pain, which a doctor diagnosed as chondromalacia patella. The military discharged Mr. Jordan in January 1970.

In August 1981, Mr. Jordan filed for service connection status on his right knee injury with the VA regional office (RO). The RO denied this claim in November 1981. The RO concluded that Mr. Jordan's right knee injury predated his service entry, and that his service had not aggravated that injury. Mr. Jordan then appealed the RO decision to the Board. The Board affirmed the RO's decision in April 1983 finding "clear and unmistakable evidence that the veteran suffered a right kneecap trauma prior to entrance on active service." Additionally, the Board determined that "[d]uring the veteran's period of service there was no increase in the severity of his preexisting right knee disorder."

In 1999, Mr. Jordan filed a CUE claim disputing the 1983 Board decision. In November 1999, the Board ruled that there was no CUE in its 1983 decision. In so holding, the Board noted that "there was more than adequate evidence showing that the veteran's right knee disorder underwent no permanent increase in severity during his period of active service." Mr. Jordan next appealed the 1999 Board ruling to the Court of Appeals for Veterans Claims. Mr. Jordan argued that the 1983 Board decision misinterpreted provisions in 38 U.S.C. § 1111 that govern the presumption of soundness. In particular, Mr. Jordan contended that the 1983 Board decision did not require the Government to rebut

the presumption of soundness with clear and unmistakable evidence that his disability was not aggravated during service. While Mr. Jordan's Veterans Court appeal was pending, the VA's General Counsel issued an opinion stating that 38 C.F.R. § 3.304, the VA regulation that implements section 1111, conflicted with the language of section 1111. Nevertheless, in 2003, the Veterans Court affirmed the 1999 Board decision, finding no CUE because CUE "does not include the otherwise correct application of a statute or regulation where, subsequent to the Board decision challenged, there has been a change in the interpretation of the statute or regulation" under 38 C.F.R. § 20.1403(e).

II.

This court has jurisdiction to review Veterans Court decisions on issues of law under 38 U.S.C. § 7292. Szemraj v. Principi, 357 F.3d 1370, 1374-75 (Fed. Cir. 2004) (citation omitted). This court reviews the asserted legal error without deference. Id. at 1372.

On appeal, Mr. Jordan contends that 38 C.F.R. § 3.304, the VA regulation implementing section 1111, is void ab initio. Mr. Jordan notes that the VA interpreted section 1111 contrary to its facially apparent meaning. As such, Mr. Jordan would have this court hold that invalidation of this regulation can retroactively affect final decisions, unlike a new interpretation of a regulation, which "can only retroactively [a]ffect decisions still open on direct review, not those decisions that are final." Disabled Am. Veterans v. Gober, 234 F.3d 682, 698 (Fed. Cir. 2000).

The Government responds that this court's decision in <u>Gober</u>, interpreting 38 C.F.R. § 20.1403(e), controls this issue of retroactive application of an erroneous regulatory interpretation. The Government further notes that even later-invalidated statutes and regulations do not have retroactive effect under U.S. Supreme Court precedent. Finally, the Government contends that even if invalidated regulations did have retroactive effect, the VA regulation in question is not void <u>ab</u> <u>initio</u> because section 1111 is ambiguous when read in light of section 1153.

The VA regulation in question, Section 3.304(b), provides:

> The veteran will be considered to have been in sound condition when examined, accepted and enrolled for service, except as to defects, infirmities, or disorders noted at entrance into service, or where <u>clear and unmistakable (obvious or manifest) evidence demonstrates that an injury or disease existed prior thereto</u>. Only such conditions as are recorded in examination reports are considered as noted.

(Emphasis added.)

In contrast, section 1111 provides:

> For the purposes of section 1110 of this title, every veteran shall be taken to have been in sound condition when examined, accepted, and enrolled for service, except as to defects, infirmities, or disorders noted at the time of the examination, acceptance, and enrollment, or where clear and unmistakable evidence demonstrates that the injury or disease existed before acceptance and enrollment and <u>was not aggravated by such service</u>.

(Emphasis added.)

Section 3.304(b), when compared to section 1111, notably omits the requirement of clear and unmistakable evidence for aggravation of an injury. This court recently held that section 1111 requires that "the Government must

show clear and unmistakable evidence of both a preexisting condition and a lack of in-service aggravation to overcome the presumption of soundness for wartime service." Wagner v. Principi, 370 F.3d 1089, 1096 (Fed. Cir. 2004).

This appeal does not question again the correct legal standard under section 1111. Wagner governs that issue. Rather, this case asks whether the change in legal standards in the interpretation of the regulations should retroactively affect CUE claims. Mr. Jordan seeks to avoid this court's precedent in Gober, arguing that the prior, now invalid, regulation was void ab initio and therefore did not really exist at the time of his entry. Thus, Gober would not apply to this case.

Although creative, Mr. Jordan's argument finds no legal support. Mr. Jordan fails to recognize that there was a change in interpretation of section 1111 with the issuance of the opinion by the VA's General Counsel stating that 38 C.F.R. § 3.304 conflicted with the language of section 1111. Wagner, 370 F.3d at 1092. Mr. Jordan believes that section 3.304 was inaccurate in setting forth the proper legal standard and that it was void ab initio. However, the accuracy of the regulation as an interpretation of the governing legal standard does not negate the fact that the regulation did provide the first commentary on section 1111, and was therefore the initial interpretation of section 1111. Hence, Gober applies to the change in interpretation of that statute as affected by the issuance of the General Counsel's opinion.

First, 38 C.F.R. § 20.1403(e) plainly states: "Clear and unmistakable error does not include the otherwise correct application of a statute or regulation

where, subsequent to the Board decision challenged, there has been a change in the interpretation of the statute or regulation." This court in Gober has affirmed that rule: "The new interpretation of a statute can only retroactively [a]ffect decisions still open on direct review, not those decisions that are final." Gober, 234 F.3d at 698. In this case, the interpretation of the regulation has indeed changed, but because the 1983 Board decision was final, Mr. Jordan has no recourse for appeal through a CUE claim; 38 C.F.R. § 20.1403(e) clearly proscribes Mr. Jordan's claim.

Moreover, Mr. Jordan's void ab initio argument does not give adequate weight to the finality of judgments. The Supreme Court has repeatedly denied attempts to reopen final decisions in the face of new judicial pronouncements or decisions finding statutes unconstitutional. See, e.g., Reynoldsville Casket Co. v. Hyde, 514 U.S. 749, 752 (1995) (new judicial interpretations of a statute apply to "all pending cases"); Chicot County Drainage Dist. v. Baxter State Bank, 308 U.S. 371, 374-75 (1940) (upholding a decision that was based on a statute later found unconstitutional). Thus, even in the extreme instance of unconstitutional application of a statute, the Supreme Court does not supply a retroactive remedy for final judgments.

In sum, Mr. Jordan's void ab initio argument has no legal support and does not accord sufficient respect to a final judgment. Accordingly, this court affirms the Veterans Court's determination that CUE does not arise from a new regulatory interpretation of a statute.

COSTS

Each party shall bear its own costs.

<u>AFFIRMED</u>