# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 04-0774

ROBERT J. MAY, APPELLANT,

V.

R. JAMES NICHOLSON,
SECRETARY OF VETERANS AFFAIRS, APPELLEE.

On Appeal from the Board of Veterans' Appeals

(Decided    August 5, 2005   )

*Robert May*, pro se.

*R. Randall Campbell*, Assistant General Counsel; *Carolyn F. Washington,* Deputy Assistant General Counsel; and *Nolan D. Paige*, all of Washington, D.C., were on the pleading for the appellee.

Before STEINBERG, *Chief Judge*,[1] and IVERS and SCHOELEN, *Judges.*

STEINBERG, *Chief Judge*:  Veteran Robert J. May, the pro se appellant, seeks review of an April 26, 2004, decision of the Board of Veterans' Appeals (Board or BVA) that denied a claim of clear and unmistakable error (CUE) in a March 7, 2003, Board decision that, inter alia, had denied Department of Veterans Affairs (VA) service connection for a back disability, and had denied a rating higher than 10% for his service-connected sciatic nerve condition.  Record (R.) at 1-11.  The appellant and the Secretary each filed a brief.  On March 29, 2005, the Secretary filed a motion to dismiss the instant appeal, and on that same date the appellant filed an opposition to that motion. For the reasons set forth below, the Court will vacate the April 2004 BVA decision and will dismiss as moot the Secretary's March 29, 2005, motion.

---

[1]  Jonathan R. Steinberg became Chief Judge of the Court at noon on August 5, 2005.

## I. Relevant Background

In October 2002, the appellant appealed to the Board several VA regional office (RO) decisions that, inter alia, had denied his claim for VA service connection for a back disability and his increased-rating claim for sciatic-nerve disability. R. at 268-95, 317-20. On March 7, 2003, the Board agreed with the VARO decisions and issued a decision that (1) denied service connection for degenerative disc disease of the lumbar spine; (2) denied service connection for a thoracic-spine disability; and (3) denied a disability rating higher than 10% for the appellant's service-connected incomplete paralysis of the sciatic nerve. R at 321-42.

On June 25, 2003, 110 days after the date stamped on the March 2003 BVA decision, the appellant filed with the Board a pleading entitled "Motion for Revision and for Reconsideration". Secretary's (Sec'y) Motion (Mot.) Exhibit (Exh.) 1. That pleading included (1) a motion for revision based on CUE and (2) a motion for reconsideration to be considered "[a]lternatively and in the event the Motion for Revision is denied". *Ibid*. After the Board's April 26, 2004, decision denying the CUE claim, the appellant on May 5, 2004, timely filed a Notice of Appeal (NOA) with this Court as to that decision. On June 3, 2004, the Board Deputy Vice Chairman denied the motion for reconsideration of the March 2003 BVA decision. Sec'y Mot. Exh. 4. On June 21, 2004, the appellant filed an NOA seeking direct review by this Court of the March 2003 Board decision.

Hence, the Court has on its docket two appeals as to the same essential matter: No. 04-1057, the direct appeal of the March 2003 BVA decision, and No. 04-0774, the appeal of the April 2004 BVA decision (hereinafter the "CUE decision") that found no CUE in the March 2003 BVA decision. It is only the latter appeal that is before this panel, which was assigned in order to rule on the Secretary's motion, dated November 24, 2004, to dismiss this appeal on the ground that the Court "lacks subject[-]matter jurisdiction over the CUE [decision]" (Sec'y Mot. at 2). On December 10, 2004, the appellant submitted a response in opposition to the Secretary's dismissal motion. On February 2, 2005, the Court stayed proceedings in this case to allow the appellant time to obtain representation, in light of the Court's determination that a panel should be assigned to consider this appeal. To date, no counsel has entered an appearance for the appellant.

## II.  Contentions on Appeal

The issue before the Court in this appeal is the Board's jurisdiction to have issued the CUE decision under the circumstances present here.  As grounds for opposing the Secretary's motion to dismiss the appeal of the CUE decision, the appellant argues, inter alia, (1) that "at the time of the filing of the [CUE claim] the March 7, 2003, BVA decision was a final decision," and that "that decision remained in effect, even though abated, unless superceded by another final order" (Mot. in Opposition (Opp.) at 11); (2) that "the abatement process underlying the March 7, 2003, decision does not affect the collateral CUE attack or the [BVA] decision tendered as a result of that attack" (Mot. Opp. at 10); and (3) that the Board's adjudication of the CUE claim on April 26, 2004, before denying his motion for  reconsideration on August 10, 2004, was nonprejudicial error.  Mot. Opp. at 15.

The Secretary contends that the instant appeal as to the Board's April 2004 CUE decision should be dismissed because "[t]he March 7, 2003, [BVA] decision was not final" (Sec'y Mot. at 1), and asserts that the Board, in April 2004, had adjudicated the appellant's CUE claim "without recognizing that [the a]ppellant in June 2003 had filed a motion for reconsideration".  Mot at 2.  The Secretary contends further that "[b]ecause the March 2003 decision of the Board is currently pending before this Court, it is not final and the Board and the Court lacks [(sic)] subject[-]matter jurisdiction over the CUE claim." *Ibid*.

## III.  Applicable Law and Regulation

### *A. CUE Claims*

Section 7111 of title 38, U.S. Code, provides:

> **§ 7111. Revision of decisions on grounds of clear and unmistakable error**
>
> (a) A decision by the Board is subject to revision on the grounds of clear and unmistakable error. If evidence establishes the error, the prior decision shall be reversed or revised.
>
> (b) For the purposes of authorizing benefits, a rating or other adjudicative decision of the Board that constitutes a reversal or revision of a prior decision of the Board on the grounds of clear and

3

unmistakable error has the same effect as if the decision had been made on the date of the prior decision.

(c) Review to determine whether clear and unmistakable error exists in a case may be instituted by the Board on the Board's own motion or upon request of the claimant.

(d) A request for revision of a decision of the Board based on clear and unmistakable error may be made at any time after that decision is made.

38 U.S.C. § 7111. Regulation § 20.1403(a) defines CUE in a prior BVA decision as follows:

[CUE] is a very specific and rare kind of error. It is the kind of error, of fact or of law, that when called to the attention of later reviewers compels the conclusion, to which reasonable minds could not differ, that the result would have been manifestly different but for the error. Generally, either the correct facts, as they were known at the time, were not before the Board, or the statutory and regulatory provisions extant at that time were incorrectly applied.

38 C.F.R. § 20.1403(a) (2004); *see Russell v. Principi*, 3 Vet.App. 310, 313-14 (1992) (en banc) (noting that "[CUE is] the sort of error which, had it not been made, would have manifestly changed the outcome"); *see also Bustos v. West*, 179 F.3d 1378, 1380 (Fed. Cir. 1999) (expressly adopting the "manifestly changed the outcome" language in *Russell*, *supra*). "Review for [CUE] in a prior Board decision must be based on the record and the law that existed when that decision was made." 38 C.F.R. § 20.1403(b) (2004); *see Russell*, 3 Vet.App. at 314. "In order for there to be a valid claim of [CUE], . . . . [t]he claimant, in short, must assert more than a disagreement as to how the facts were weighed or evaluated." *Id*. at 313; *see* 38 C.F.R. § 20.1403(d)(3) (2004); *Damrel v. Brown*, 6 Vet.App. 242, 246 (1994). Moreover, a CUE claim must identify the alleged error(s) with "'some degree of specificity'". *Crippen v. Brown*, 9 Vet.App. 412, 420 (1996) (quoting *Fugo v. Brown*, 6 Vet.App. 40, 44 (1993) (concluding that "to reasonably raise CUE there must be some degree of specificity as to what the alleged error is and . . . persuasive reasons must be given as to why the result would have been *manifestly* different")); *see* 38 C.F.R. § 20.1404(a), (b) (2004).

As a threshold matter, a CUE claim cannot be raised for the first time before this Court but, rather, such a claim must have been the subject of a final prior BVA adjudication. *See Russell*,

4

3 Vet.App. at 314-15. On appeal of a BVA determination that there was no CUE in a prior final BVA decision, the Court's review is limited to deciding whether the Board's conclusion is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law", 38 U.S.C. § 7261(a)(3)(A); *see Damrel*, 6 Vet.App. at 246, and whether it is supported by an adequate statement of "reasons or bases", 38 U.S.C. § 7104(d)(1). Our review is de novo ("not in accordance with law" standard) as to whether a viable CUE claim has been presented, *see Lane v. Principi*, 16 Vet.App. 78, 83 (2002), *aff'd* 339 F.3d 1331, 1339 (Fed. Cir. 2003), and, if so, whether an applicable law or regulation was not applied or was incorrectly applied, *see Kent v. Principi*, 389 F.3d 1380, 1384 (Fed. Cir. 2004); *see Andrews v. Principi*, 18 Vet.App. 177, 180 (2004). The Court's caselaw pertaining to Board decisions on claims of CUE in prior final RO decisions is equally applicable to Board decisions regarding collateral attacks on prior BVA decisions. *See Jordan (Timothy) v. Principi*, 17 Vet.App. 261, 268 (2003), *aff'd sub nom. Jordan v. Nicholson*, 401 F.3d 1296 (Fed. Cir. 2005).

### B. *Finality of Board Decisions*

As to the finality of a Board decision, 38 C.F.R. § 20.1100 provides:

**§ 20.1100 Rule 1100. Finality of decisions of the Board.**

(a) *General*. All decisions of the Board will be stamped with the date of mailing on the face of the decision. Unless the Chairman of the Board orders reconsideration, and with the exception of matters listed in paragraph (b) of this section, all Board decisions are final on the date stamped on the face of the decision. With the exception of matters listed in paragraph (b) of this section, the decision rendered by the reconsideration Panel in an appeal in which the Chairman has ordered reconsideration is final.

(b) *Exceptions*. Final Board decisions are not subject to review except as provided in 38 U.S.C. [§§] 1975 and 1984 and 38 U.S.C. chapters 37 and 72. A remand is in the nature of a preliminary order and does not constitute a final decision of the Board.

38 C.F.R. § 20.1100 (2004). As to the appealability of Board decisions to this Court, 38 U.S.C. § 7266(a) provides:

5

### § 7266. Notice of appeal

> (a) In order to obtain review by the Court of Appeals for Veterans Claims of a final decision of the Board of Veterans' Appeals, a person adversely affected by such decision shall file a notice of appeal with the Court within 120 days after the date on which notice of the decision is mailed pursuant to section 7104(e) of this title.

38 U.S.C. § 7266(a). In other words, even though section 7266(a) refers to a "final decision of the Board", any such "final" Board decision that is subject to review in this Court, pursuant to 38 U.S.C. § 7266 and our caselaw (as discussed in part IV.A., below), is not truly final while it is "subject to" such review or undergoing such review here or thereafter (in the U.S. Court of Appeals for the Federal Circuit (Federal Circuit) or the U.S. Supreme Court). Moreover, the finality of a Board decision *for the purposes of the availability of judicial review* may be abated. As to the abatement of the finality of a Board decision, 38 U.S.C. § 7103(a) provides:

### § 7103. Reconsideration; correction of obvious errors

> (a) The decision of the Board determining a matter under section 7102 of this title is final *unless* the Chairman orders reconsideration of the decision in accordance with subsection (b). Such an order may be made on the Chairman's initiative or upon motion of the claimant.

38 U.S.C. § 7103(a) (boldface-italic emphasis added). In *Rosler v. Derwinski*, this Court held, as to finality:

> [A]lthough the judicial review period begins to run, as to a final administrative agency decision, on the date on which that decision is final, *its finality is defeated and that judicial appeal period is erased* when a timely motion for administrative reconsideration is filed within the judicial appeal period and a new, full judicial appeal period as to the underlying agency decision is triggered when the agency denies the reconsideration motion.

*Rosler*, 1 Vet.App. 241, 249 (1991) (emphasis added). Thus, *Rosler* established that finality for the purposes of the availability of judicial review is abated by the filing, with the Board Chairman, of a motion for reconsideration. In *Wachter v. Brown*, the Court also discussed this issue:

> Essentially, as long as the motion for reconsideration of the decision remains pending before the Chairman, there is always a possibility that the motion will be granted, an event which would render judicial review unnecessary. *See BellSouth Corp. v. F.C.C.*, 17 F.3d 1487, 1489 (D.C. Cir. 1994). Consequently, when the veteran files a motion for reconsideration of a BVA decision and, at the same time, files an NOA with the Court, the decision of the BVA is ***nonfinal for purposes of judicial review.*** A party cannot be in "two places at the same time." *Id.* at 1489.

*Wachter*, 7 Vet.App 396, 397 (1995) (boldface-italic emphasis added). *Rosler* and *Wachter* both addressed finality in terms of a claim that is ***final but appealable***. That is the only way that a claim could potentially be "in two places at the same time" and is the reason that a motion for reconsideration renders a claim "nonfinal for purposes of judicial review". *Ibid*. Hence, in *Rosler*, the Court concluded that when the BVA receives a motion for reconsideration, the case is withdrawn from the final-but-appealable stage (that is, the decision becomes nonfinal for purposes of the availability of judicial review) because the Board has not "disassociate[d] itself from the case", *Clay v. United States*, 537 U.S. 522, 527 (2003); the Chairman must rule on the motion and the Board may ultimately reconsider the outcome.

## IV.  Analysis

### A. Finality of the March 2003 BVA Decision

"Finality is variously defined; like many legal terms, its precise meaning depends on context." *Clay, supra*. In *Clay*, the U.S. Supreme Court described two basic concepts of finality:  For the purposes of the availability of judicial review, finality attaches "when the district court disassociates itself from the case, leaving nothing to be done at the court of first instance save execution of the judgment." *Clay, supra* (citing *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 712 (1996), and RESTATEMENT (SECOND) OF JUDGMENTS § 13, Comment b (1980)).  For other purposes, such as a collateral attack on an otherwise final decision, finality attaches at a different stage.  A "collateral" attack is defined as "an attack on a judgment in a different proceeding." BLACK'S LAW DICTIONARY, 255 (7th ed. 1990).  In terms of postconviction-relief collateral attack in a criminal case, the Supreme Court has stated:  "[F]inality has a long-recognized, clear meaning:  Finality attaches when this Court

7

[(the Supreme Court)] affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires." *Clay*, 537 U.S. at 528 (defining finality for statute providing "habeas[-]like relief" in accord with Supreme Court's "consistent understanding of finality in the context of collateral review"). That is, for the purpose of a habeas-corpus collateral attack, finality attaches when a claim becomes ***unappealable on direct review***. Indeed, this same definition of finality pertains to decisions rendered by this Court. *See* 38 U.S.C. § 7291(a) (providing that decision of this Court "shall become final upon the expiration of the time allowed for filing . . . a notice of appeal from such decision, if no such notice is duly filed within such time"); *see also* 28 U.S.C. § 2412(d)(2)(G) (defining "final judgment" for purposes of initiating 30-day period under section 2412(d)(1)(B) during which application for fees and expenses under Equal Access to Justice Act ((EAJA) may be filed). The instant case involves both of these concepts of finality – finality of a Board decision for the purposes of appealability and finality of a Board decision for the purposes of collateral attack after all avenues for direct appeal are foreclosed.

    *1. Finality for the Purposes of Appealability*. In the instant case, the Secretary appears to assert that the appellant's submitting of the motion for reconsideration abated the finality of the March 2003 Board decision, and, that, therefore, the Board had adjudicated the CUE claim in error. Sec'y Mot. at 2. The Court agrees that the Board erred by adjudicating the CUE claim. However, to the extent that the Secretary's argument is premised on his belief that the appellant's CUE motion and the motion for reconsideration were filed concurrently, we disagree with his argument because, inter alia, it does not appear to the Court that the appellant's motion for reconsideration was filed before, or concurrently with, the CUE claim. *See Losh v. Brown*, 6 Vet.App. 87 (1993) (holding that simultaneous filings of motion for reconsideration and NOA will render agency action nonfinal). Rather, the appellant's pleading in this case expressly stated that the motion for reconsideration was being filed "in the event that the CUE claim was denied". Sec'y Mot. Exh. 1. In such case, the motion for reconsideration would become operative only ***if and when*** the Board denied the CUE claim; hence, the CUE claim was ***not*** effectively filed at a point in time when a motion for reconsideration had rendered the claim nonfinal for the purposes of the availability of judicial review.

8

Although it may appear at first that the CUE claim was validly filed, if it were, a question would have then arisen as to whether the filing of the CUE claim rendered the BVA decision nonfinal (by the same mechanism by which a motion for reconsideration would have abated finality), or whether, conversely, the 120-day judicial appeal period expired during the time that the Board was considering the CUE claim. An affirmative answer to the latter question would leave the appellant at a great disadvantage; having bypassed direct appeal, his only avenue for review of the March 2003 BVA decision would be handicapped by the heightened burdens of proof and pleading that are characteristic of a collateral CUE attack. However, an answer in the negative would leave the Court with the anomalous result that it now faces – review of the same Board decision via direct review and via review of a Board denial of revision on the grounds of CUE (the latter being a CUE claim that, as discussed below, is expressly prohibited by 38 C.F.R. § 20.1400). The reason that this quandary is created, as we conclude below, is that the question presented never should have been asked in the first place. That is, a CUE claim (or any collateral attack) ***cannot lie as to a decision that is still open to direct review.*** The sole purpose of a CUE claim is to provide a VA claimant with an opportunity to challenge a decision that is ***otherwise final and unappealable***.

Hence, although the Court concludes that the motion for reconsideration had no bearing on whether the CUE claim was properly filed in this case, we agree that the 2003 BVA decision's lack of "finality" at the time that the CUE claim was filed is the dispositive issue in the instant matter. As discussed above, although a motion for reconsideration ***does*** affect "finality" to the extent that that term implies finality for the purposes of the availability of judicial review – that is, a claim that is ***final but appealable*** to this Court – "finality" for the purposes of the availability of judicial review is not the same "finality" that enables an appellant to file a CUE claim or any other collateral attack.

***2. Finality for the Purposes of Collateral Attack.*** In 38 U.S.C. § 7111, Congress has provided VA claimants a remedy of collateral attack so that they may have a vehicle for attacking a final Board decision. The Supreme Court has reviewed other forms of collateral attack, such as habeas-corpus petitions, and recognized that such petitions are "not designed as a substitute for direct review." *Teague v. Lane,* 489 U.S. 288, 306 (1989) (quoting *Mackey v. United States*, 401 U.S. 667, 683 (1970) (Harlan, J., concurring)). Rather, such forms of collateral attack provide "an avenue for upsetting judgments that are otherwise final". *Mackey*, *supra*.

9

The statute of limitations for habeas-corpus petitions prescribes when a collateral attack may be filed. Similarly, in prescribing the regulations to provide for CUE attacks on BVA decisions, the Secretary explained that a CUE challenge could be made "[o]nce a VA decision has become final – whether by completion or abandonment of the appeals process." 63 Fed. Reg. 27,534, 27,535 (May 10, 1998) (notice of proposed rulemaking). Under this Court's enabling statute, a BVA decision becomes ***final and unappealable*** to this Court when an NOA is not filed within 120 days after the date of mailing of notice of the Board decision, 38 U.S.C. § 7266(a), and no basis exists for tolling the 120-day judicial appeal period. *See Rosler, supra*; *see also Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990); *Arbas v. Nicholson*, 403 F.3d 1379 (Fed. Cir. 2005); *Barrett v. Principi*, 363 F.3d 1316 (Fed. Cir. 2004); *Evans (Billy) v. West*, 12 Vet.App. 396, 399 (1999) (citing *Bailey v. West*, 160 F.3d 1360, 1365 (1998), and other cases regarding equitable tolling of NOA-filing period under certain circumstances). Although no statute of limitations exists for the filing of a CUE claim, the conclusion that such a claim cannot properly be filed while that claim is still appealable on direct review is supported by the definition of "finality" as to CUE claims that is provided in 38 C.F.R. § 20.1401(a), which states:

### § 20.1401 Rule 1401. Definitions.

> (a) *Issue*. Unless otherwise specified, the term "issue" in this subpart means a matter upon which the Board made a final decision (other than a decision under this subpart). As used in the preceding sentence, ***a "final decision"*** is one which ***was*** appealable under [c]hapter 72 of title 38, United States Code, or which ***would have been*** so appealable if such provision had been in effect at the time of the decision.

38 C.F.R. § 20.1401(a) (2004) (boldface-italic emphasis added). As noted by the emphasized language, under this regulation a "final decision" is defined as "one which ***was appealable"*** pursuant to the statutory provisions providing for judicial review of BVA decisions in this Court (including the 120-day judicial-appeal period), or which "***would have been*** so appealable" if judicial review in this Court had been available at the time of the decision. *Ibid*. (emphasis added). Although 38 U.S.C. 7111(d) provides that "[a] request for revision of a decision of the Board based on [CUE] may be made at any time after that decision is made", that provision cannot be interpreted to mean

that a CUE claim may lie when the underlying Board decision may be ***directly*** appealed because such an interpretation would not comport with the essential nature of a collateral attack. Rather, what section 7111(d) means is that a CUE claim may be filed for as long as any claimant has standing to file such a claim, without regard to how long ago the VA decision became final and unappealable.

Furthermore, general principles of limited review in cases of collateral attack are reflected in the requirements for a collateral attack based on CUE – requirements that emphasize that CUE collateral attacks are not matters on direct review. The section 7111 statutory provision for a CUE attack on a final BVA decision provides in subsection (b) that "a reversal or revision of a prior decision of the Board on the grounds of [CUE] has the same effect as if the decision had been made on the date of the prior Board decision." 38 U.S.C. § 7111(b). The implementing VA regulation spells out that "[r]eview for [CUE] in a prior Board decision ***must be based on the record and the law that existed when that decision was made***", and that CUE ***does not include*** the otherwise correct application of a statute or regulation where, subsequent to the Board decision challenged, there has been a ***change in the interpretation*** of the statute or regulation." 38 C.F.R. § 20.1403(b)(1), (e) (emphasis added). *See Russell*, 3 Vet.App. at 314 (holding that "[r]eview for [CUE] in a prior Board decision must be based on the record and the law that existed when that decision was made"); *Teague*, 489 U.S. at 310 (holding that in habeas petitions, generally, new rules should not be applied retroactively).

Moreover, a VA claimant's ability to bring a CUE claim as to a Board decision that has been directly appealed to this Court is already very substantially limited by regulation. Specifically, regulation § 20.1400, provides in pertinent part:

### § Rule 1400. Motions to revise Board decisions

. . . .

(b) All final Board decisions are subject to revision under this subpart except:

(1) Decisions on issues which have been appealed to and decided by a court of competent jurisdiction; and

(2) Decisions on issues which have subsequently been decided by a court of competent jurisdiction.

11

38 C.F.R. § 20.1400(b) (2004). The rationale for this limitation is that "it would be inappropriate for an inferior tribunal to review the actions of a superior [tribunal]." 64 Fed. Reg. 2134, 2135 (Jan. 13, 1999) (adoption of final CUE regulations) (citing *Smith (William A.) v. Brown,* 35 F.3d 1516 (Fed. Cir. 1994), and *Duran v. Brown*, 7 Vet. App. 216 (1994)). In *Disabled American Veterans v. Gober* (*DAV v. Gober*), 234 F.3d 682 (Fed. Cir. 2000), the Federal Circuit noted that this regulation "prevents the Board from reviewing a previous Board decision on an issue for CUE when the previous issue has been appealed to, or decided by, a court of competent jurisdiction, such as the Court of Appeals for Veterans Claims, and that reviewing court has decided the issue the claimant seeks to review for CUE." *Id*. at 693. Furthermore, the Federal Circuit noted the following procedural justification for the § 20.1400(b)(1) preclusion:

> If a superior court, such as the Court of Appeals for Veterans Claims, affirms the determination of the Board on a particular issue, that Board decision is replaced by the Court of Appeals for Veterans Claims decision on that issue. ***Thus, there is no longer any decision by the Board that can be subject to revision.***

*Ibid.* (emphasis added). The Federal Circuit revisited this issue in *Winsett v. Principi*, in the context of an appellant who had submitted to the Board a CUE claim as to a BVA decision that had been appealed to and affirmed by this Court. *Winsett*, 341 F.3d 1329 (Fed. Cir. 2003), *cert. denied*, 540 U.S. 991 (2003). The Federal Circuit upheld this Court's affirmance of the Board's dismissal of that CUE claim, and concluded:

> This appeal is not an attempt to re[]open a claim pursuant to 38 U.S.C. § 5108 on the ground that new and material evidence has been found. Moreover, it is not a new issue, different from the one adjudicated previously. Instead, this appeal is one in which the facts have previously been reviewed by a court in light of the relevant law on the same claim. If there had been CUE, then it surely would have been, or should have been, raised before. In fact, [the appellant] would have been obligated to raise any error that was clear and unmistakable when she brought her earlier appeals. Because the earlier case has been decided, and all appeals exhausted, we conclude that there could not have been CUE as a matter of law. That conclusion is what is embodied in § 20.1400(b), which the [Court of Appeals for Veterans Claims] properly interpreted.

*Id*. at 1332. The Federal Circuit thus recognized that a claimant is foreclosed from (and could not possibly benefit from) bringing a CUE claim as to a Board decision on a matter that had been reviewed previously in this Court.

Hence, in the instant case, once this Court reviews the direct appeal of the March 2003 decision – the case pending here in No. 04-1057 – and enters final judgment in that appeal, the appellant's CUE claim as to the same matter dealt with by the Court in that appeal would be barred by § 20.1400(b). In light of the action that the Court is taking here to vacate the Board's CUE decision, the Secretary's motion to dismiss the instant appeal will be rendered moot and will therefore be dismissed.

### B. BVA Stays Pending Court Consideration of CUE Claims

The Court notes that 38 C.F.R. § 20.1410 ("Stays pending court action"), which provides that the Board "will stay its consideration of a [CUE claim] upon receiving notice that the Board decision that is the subject of the [CUE claim] has been appealed to a court of competent jurisdiction" (38 C.F.R. § 20.1410 (2004)), may be read as implying that a CUE claim may properly be *filed* with the Board during the 120-day judicial appeal period for appeals to this Court, or during any applicable appeal period for an appeal following a decision by this Court – that is, before the claim has become final and unappealable. Such a reading, however, would be inconsistent with the collateral nature of a CUE claim as envisioned by section 7111 and not in accordance with the Court's holding in this case. As so interpreted, the Court would have to invalidate the regulation as ultra vires. *See* 38 U.S.C. § 7261(a)(3)(C) (providing that Court shall "hold unlawful and set aside" regulations of Secretary found to be "in excess of statutory jurisdiction, authority, . . . or in violation of a statutory right"); *Ozer v. Principi*, 14 Vet.App. 257, 264 (2001) (holding that § 21.3046(c) (2000) "cannot stand" because it "imposes a 10-year limitation . . . that was not contained in or authorized by 38 U.S.C. § 3512, or any other provisions of title 38[, U.S. Code]"); *Cole v. Derwinski*, 2 Vet.App. 400, 401-02 (1992) (invalidating subparagraphs (2) and (3) of 38 C.F.R. § 3.812(f) (1991) as "in excess of statutory authority"). In order to avoid such a result, the Court construes this regulation as providing that upon receipt of a premature CUE claim the Board must hold the claim and not file it at that time, and then, upon the expiration of the 120-day judicial appeal period without an NOA's having been filed, file the CUE claim, or, if an NOA is filed within that appeal

13

period, then, upon the conclusion of court action, decide whether filing the motion at that time would be consistent with §§ 20.1400(a) and 20.1400(b). *See Felton v. Brown*, 7 Vet.App. 276, 279 (1994) (treating prematurely submitted EAJA application as having been filed immediately following entry of final judgment (citing *Stillwell v. Brown*, 6 Vet.App. 291, 300 (1994))). In that regard, we note that § 20.1400(b) appears to permit a CUE claim to be properly filed after the completion of judicial review if that claim is brought as to a matter that was not the subject of such judicial review. *See DAV v. Gober*, 234 F.3d at 694 (concluding that § 20.1401(a) "makes it possible for a claimant to bring a separate CUE claim with respect to each distinct claim addressed in a Board decision"); *cf.* 38 C.F.R. §§ 20.1400(b)(1), 20.1401(a).

## V. Conclusion

On consideration of the foregoing, the Court holds that a CUE claim may not be filed as to a matter that is still appealable to this Court, or is pending on appeal here or at a higher Court. Accordingly, the Court (1) vacates the April 26, 2004, BVA decision denying the CUE claim and remands the matter to the Board for it to hold the CUE claim in abeyance in accordance with the construction of § 20.1410 set forth above, and (2) dismisses as moot the Secretary's motion to dismiss the appeal. The Court notes that the appellant's direct appeal case, No. 04-1057, remains pending before the Court for disposition.

VACATED AND REMANDED.