Note: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2006-7254

CAROLYN J. PATRICK,

Claimant-Appellant,

v.

R. JAMES NICHOLSON, Secretary of Veterans Affairs,

Respondent-Appellee.

Kenneth M. Carpenter, Carpenter, Chartered, of Topeka, Kansas, argued for claimant appellant.

Richard P. Schroeder, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, argued for respondent-appellee. With him on the brief were Peter D. Keisler, Assistant Attorney General, and William F. Ryan, Assistant Director. Of counsel on the brief were Michael J. Timinski, Deputy Assistant General Counsel, and Amanda R. Blackmon, Attorney, United States Department of Veterans Affairs, of Washington, DC.

Appealed from: United States Court of Appeals for Veterans Claims

Chief Judge William P. Greene, Jr.

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2006-7254


CAROLYN J. PATRICK,

Claimant-Appellant,

v.

R. JAMES NICHOLSON, Secretary of Veterans Affairs,

Respondent-Appellee.


_____

DECIDED: June 14, 2007
_____


Before MICHEL, Chief Judge, MAYER and GAJARSA, Circuit Judges.

MICHEL, Chief Judge.

Carolyn J. Patrick appeals the decision of the Court of Appeals for Veterans Claims ("Veterans Court") affirming on remand a May 6, 1999 Board of Veterans' Appeals ("Board") decision holding that there was no clear and unmistakable error ("CUE") in a 1986 Board decision that denied her claim for dependency and indemnity compensation ("DIC"). Patrick v. Nicholson, 2006 U.S. App. Vet. Claims LEXIS 39, No. 99-916 (Vet. App. Feb. 1, 2006) ("Remand Decision"). Because the Veterans Court failed to follow our remand instructions, we vacate and remand for further proceedings.

## I. BACKGROUND

This is the second time this case is before us. The underlying facts are well-summarized by the two opinions below and will not be set forth in similar detail here. See Remand Decision; Patrick v. Principi, 103 F. App'x 383 (Fed. Cir. 2004). Briefly, James Curtis Patrick served on active duty in the Army from August 1958 to May 1959, when he was discharged after being diagnosed with a heart disease that had existed prior to service. Although Mr. Patrick's entrance medical examination showed no abnormalities, subsequent exams revealed his medical condition. Mr. Patrick filed a series of unsuccessful claims for service-connection up until his death by myocardial infarction on January 29, 1985.

In February 1985, Mr. Patrick's widow, Carolyn J. Patrick, filed a claim for DIC benefits based on his rheumatic heart disease. In 1986, the Board denied her claim after concluding from its analysis of the evidence of the preexistence of Mr. Patrick's heart disease that the presumption of soundness under 38 U.S.C. § 311 (now § 1111) had been rebutted.[1] This decision was not directly appealed to the Veterans Court.

In September 1992, Mrs. Patrick sought to reopen her claim by arguing that there was CUE in the 1986 Board decision based on, inter alia, the Board's alleged misapplication of the presumption of soundness under § 1111. In 1999, the Board denied Mrs. Patrick's request to revise the 1986 Board decision after concluding that there was no CUE in the 1986 decision. In 2002, the Veterans Court affirmed the 1999 Board decision.

---

[1]     Under 38 U.S.C. § 1137 (formerly § 337), the presumption of soundness under 38 U.S.C. § 1111 applies to veterans like Mr. Patrick who served in active military service after December 31, 1946.

2006-7254                                        2

Mrs. Patrick filed a first appeal with us contending that the rebuttal of the presumption of soundness under 38 U.S.C. § 1111 required clear and unmistakable evidence of both (1) the pre-service existence of an injury or disease and (2) no in-service aggravation of the injury or disease. Mrs. Patrick argued that the Veterans Court's interpretation, requiring only the first prong to rebut the presumption of soundness, was erroneous. She did not, however, challenge the Veterans Court's ruling that the 1999 Board decision correctly found no CUE in its determination that Mr. Patrick's heart condition preexisted service.

Relying on Wagner v. Principi, 370 F.3d 1089, 1096 (Fed. Cir. 2004) (construing 38 U.S.C. § 1111 as requiring clear and unmistakable evidence of both the preexistence of a condition and no in-service aggravation of that condition), we held that the government must show by clear and unmistakable evidence that Mr. Patrick's disease was not aggravated by his service in order to rebut the presumption of soundness. Patrick, 103 F. App'x at 385. Accordingly, we vacated the 2002 Veterans Court decision and remanded for further consideration of Mrs. Patrick's CUE claim using the correct standard articulated in Wagner. Id.

On remand, the Veterans Court did not determine whether the government had proven by clear and unmistakable evidence that Mr. Patrick's disease was not aggravated by his service. Instead, the Veterans Court affirmed the 1999 Board decision on the alternative ground that Wagner was not retroactive in view of this court's intervening decision in Jordan v. Nicholson, 401 F.3d 1296 (Fed. Cir. 2005). See Remand Decision at *26. This second appeal timely followed. We have jurisdiction pursuant to 38 U.S.C. § 7292.

## II. DISCUSSION

We review legal determinations, in this case the Veterans Court's interpretation of Jordan, de novo. Meeks v. West, 216 F.3d 1363, 1366 (Fed. Cir. 2000) (citing 38 U.S.C. § 7292); see also Dittrich v. West, 163 F.3d 1349, 1351 (Fed. Cir. 1998) (citing Prenzler v. Derwinski, 928 F.2d 392, 393 (Fed. Cir. 1991)). In interpreting § 1111, we held

> [w]hen no preexisting condition is noted upon entry into service, the veteran is presumed to have been sound upon entry. The burden then falls on the government to rebut the presumption of soundness by clear and unmistakable evidence that the veteran's disability was both preexisting and not aggravated by service.

Wagner, 370 F.3d at 1096. However, based on its interpretation of Jordan, which issued after our remand decision, the Veterans Court held that "the presumption-of-soundness interpretation articulated in *Wagner, supra*, does not have retroactive application in a CUE case." Remand Decision at *26. This is a misreading of Jordan. Jordan addressed whether a change in the regulatory interpretation of a statute had retroactive effect on CUE claims, not whether our interpretation of the statute in Wagner had retroactive effect on CUE claims.

More specifically, during the pendency of Mr. Jordan's appeal of the Board's denial of his CUE claim at the Veterans Court, the General Counsel for the Department of Veterans Affairs ("VA") issued an opinion holding that 38 C.F.R. § 3.304, the implementing regulation for § 1111, conflicted with the statute.[2] Jordan, 401 F.3d at 1297. On appeal before us, Mr. Jordan argued that the subsequent invalidation of the

---

[2] Although § 1111 requires clear and unmistakable evidence of both the preexistence of a condition and the in-service aggravation of the condition for the government to rebut the presumption of soundness, 38 C.F.R. § 3.304(b), prior to the VA opinion, omitted the latter requirement.

2006-7254                                    4

regulation by the VA had retroactive effect, thereby making the regulation void ab initio. Id. Citing the implementing regulation for the CUE statute, 38 C.F.R. § 20.1403(e), which provides that CUE "does not include the otherwise correct application of a statute or regulation where, subsequent to the Board decision challenged, there has been a change in the interpretation of the statute or regulation," we held that "CUE does not arise from a new regulatory interpretation of a statute." Jordan, 401 F.3d at 1298-99.

The limited holding of Jordan does not apply to Mrs. Patrick's case, for she never argued that the implementing regulation for § 1111 was invalid, that the VA's change in the interpretation of the statute in its regulation was retroactive, or that the 1986 Board erroneously applied the implementing regulation. Indeed, the 1986 Board decision does not even refer to the implementing regulation for § 1111.

Instead, in her first appeal before us, Mrs. Patrick contended the 1986 Board misapplied § 1111, which can serve as the basis for grounding a CUE claim. See 38 C.F.R. § 20.1403(a) (providing as an example of CUE the incorrect application of "statutory and regulatory provisions extant at the time" of the Board decision). Thus, per Mrs. Patrick's argument, there was no "otherwise correct application of a statute" by the 1986 Board to invoke 38 C.F.R. § 20.1403(e)'s proscription against CUE under this circumstance.

Unlike changes in regulations and statutes, which are prospective, our interpretation of a statute is retrospective in that it explains what the statute has meant since the date of enactment. See Rivers v. Roadway Express, 511 U.S. 298, 312-13 (1994) ("A judicial construction of a statute is an authoritative statement of what the statute meant before as well as after the decision of the case giving rise to that

construction."). Thus, our interpretation of § 1111 in <u>Wagner</u> did not <u>change</u> the law but explained what § 1111 has always meant. Certainly, it was not a change by the VA of its regulation interpreting a statute. That is all <u>Jordan</u>, correctly understood, settled.

We therefore conclude that the 2006 Veterans Court decision is neither in accordance with the law nor with our previous remand instructions. Therefore, we vacate and remand the decision below. On remand, the Veterans Court shall reconsider Mrs. Patrick's CUE claim and, if necessary, remand to the Board for a determination of whether the government has rebutted the presumption of soundness under § 1111 by providing clear and unmistakable evidence of no in-service aggravation of Mr. Patrick's heart disease.

### III.    CONCLUSION

For the aforementioned reasons, we vacate the 2006 Veterans Court decision and remand for further proceedings consistent with this opinion.