# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 08-10899(E)

CAROLYN J. PATRICK, APPELLANT,

V.

ERIC K. SHINSEKI,
SECRETARY OF VETERANS AFFAIRS, APPELLEE.

On Appellant's Application for Attorney Fees and Expenses

(Argued May 13, 2010          Decided  July 19, 2010)

*Kenneth M. Carpenter* of Topeka, Kansas, was on the pleading for the appellant.

*Catherine A. Chase*, with whom *Paul J. Hutter*, General Counsel; *R. Randall Campbell*, Assistant General Counsel; and *Carolyn F. Washington,* Deputy Assistant General Counsel, were on the pleading, all of Washington, D.C., for the appellee.

Before GREENE, *Chief Judge*, and KASOLD and HAGEL, *Judges*.

PER CURIAM:  Before the Court is Carolyn J. Patrick's May 16, 2008, application for an award of $36,487.75 in attorney fees and expenses pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d).  On June 29, 2009, the Court issued a single-judge decision in this matter that denied Mrs. Patrick's EAJA application.  On July 20, 2009, the appellant filed, pursuant to Rule 35(a) and (b) of the Court's Rules of Practice and Procedure, a motion for reconsideration of the June 29, 2009, decision, or, in the alternative, for panel decision.  The Court granted the motion for panel decision and held oral argument on May 13, 2010.  The Secretary concedes that Mrs. Patrick is a prevailing party.  Thus, the question before the Court is whether the Secretary has carried his burden to demonstrate that his position was substantially justified at the administrative and litigation stages.  Because the Secretary has demonstrated that his positions were substantially justified at both stages, the Court will deny the EAJA application.

## I. BACKGROUND

In a May 6, 1999, decision, the Board of Veterans' Appeals (Board) determined that a March 1986 Board decision denying Mrs. Patrick's claim for service connection for the cause of her veteran-husband's death did not contain clear and unmistakable error (CUE). In a single-judge memorandum decision dated August 13, 2002, the Court affirmed the May 1999 CUE Board decision. Mrs. Patrick appealed, and on July 2, 2004, the U.S. Court of Appeals for the Federal Circuit (Federal Circuit) vacated the decision and remanded the matter to this Court for further proceedings consistent with its opinion in *Wagner v. Principi*, 370 F.3d 1089 (Fed. Cir. 2004).

In a single-judge memorandum decision dated February 1, 2006, the Court again affirmed the May 1999 Board decision. The Court concluded that in order to rebut the presumption of soundness under 38 U.S.C. § 1111,[1] the Board in 1986 was not required to consider whether clear and unmistakable evidence had been presented to show that a condition was not aggravated because in 1986 the Secretary's regulation, 38 C.F.R. § 3.304,[2] did not contain the "and was not aggravated by such service" language; the Court also cited the Federal Circuit's decision in *Jordan v. Nicholson*, 401 F.3d 1296, 1298-99 (2005), to hold that the interpretation of the presumption of soundness articulated in *Wagner, supra*, did not apply retroactively in a CUE case. Mrs. Patrick again sought review in the Federal Circuit, and on June 14, 2007, the Federal Circuit vacated the Court's February 2006 decision and remanded the matter for further consideration of the CUE claim using the standard articulated in *Wagner, supra*. *Patrick v. Nicholson*, 242 F. App'x 695, 698, 2007 WL 1725465, No. 06-7254 (Fed. Cir. June 14, 2007). The Federal Circuit noted that Mrs. Patrick's specific argument was not based on a regulation, but was that the Board in 1986 had misapplied section 1111. The Federal Circuit also directed remand to the Board, if necessary, to determine whether the Government had rebutted the presumption of soundness under section 1111 by providing clear and unmistakable evidence of no in-service aggravation of the claimed disability. *Id.*

---

[1] At the time of the 1986 Board decision, 38 U.S.C. § 311 (now 38 U.S.C. § 1111) provided that a veteran would be considered to have been in sound condition "except as to defects, infirmities, or disorders noted at the time of the examination, acceptance, or enrollment, or where clear and unmistakable evidence demonstrates that the injury or disease existed before acceptance and enrollment and was not aggravated by such service."

[2] At the time of the 1986 Board decision, 38 C.F.R. § 3.304 (1986) stated that a veteran would be considered to have been in sound condition "except as to defects, infirmities, or disorders noted at entrance into service, or where clear and unmistakable (obvious or manifest) evidence demonstrates that an injury or disease existed prior thereto."

Upon remand from the Federal Circuit, the Court, in a January 31, 2008, single-judge memorandum decision, vacated the May 1999 Board decision. *Patrick v. Peake*, No. 99-916, 2008 WL 331094 (Vet. App. Jan. 31, 2008). The Court noted that the Board had correctly found that there was clear and unmistakable evidence that Mr. Patrick's rheumatic heart disease preexisted service. The Court, however, determined that in accordance with the Federal Circuit's *Wagner* holding that its interpretation of section 1111 applied even in the CUE context, in order to determine whether the presumption of soundness had been rebutted, the Board in May 1999 was then required to consider whether the Board in 1986 had been presented with clear and unmistakable evidence that either Mr. Patrick's condition did not increase in severity during service or any increase was "due to the natural progress of the disease." The Court therefore remanded the matter to the Board for readjudication, including an adequate explanation of whether the evidence before the Board in 1986 constituted clear and unmistakable evidence that Mr. Patrick's heart condition did *not* increase in severity during service.

## II. APPLICABLE LAW

This Court has jurisdiction to award reasonable attorney fees and expenses pursuant to 28 U.S.C. § 2412(d)(2)(F). Mrs. Patrick's EAJA application was filed within the 30-day application period set forth in 28 U.S.C. § 2412(d)(1)(B) and satisfies any content requirements because the application contains (1) an allegation that, by virtue of the Court's remand, Mrs. Patrick is a prevailing party within the meaning of EAJA; (2) a showing that she is a party eligible for an EAJA award because her net worth does not exceed $2,000,000; (3) an allegation that the position of the Secretary was not substantially justified; and (4) an itemized fee statement. 28 U.S.C. § 2412(d)(1)(A), (1)(B), (2)(B); *Scarborough v. Nicholson*, 19 Vet.App. 253 (2005); *Cullens v. Gober*, 14 Vet.App. 234, 237 (2001) (en banc). There is no dispute that Mrs. Patrick is a prevailing party; the only issue in contention is whether the Secretary's position was substantially justified.

Once an allegation of lack of substantial justification is made, the burden is on the Secretary to prove that VA was substantially justified in its administrative and litigation positions. *See Cullens*, *supra*; *Locher v. Brown*, 9 Vet.App. 535, 537 (1996). The Secretary's position is substantially justified "'if a reasonable person could think it correct, that is, if it has a reasonable

3

basis in law and fact.'" *Stillwell v. Brown*, 6 Vet.App. 291, 302 (1994) (quoting *Pierce v. Underwood*, 487 U.S. 552, 566 n.2 (1988)). That determination is based not on any single factor, but on the totality of the circumstances, which includes consideration of, "among other things, 'merits, conduct, reasons given, and consistency with judicial precedent and VA policy with respect to such position, and action or failure to act, as reflected in the record on appeal and the filings of the parties'" before the Court. *White v. Nicholson*, 412 F.3d 1314, 1317 (Fed. Cir. 2005) (quoting *Johnson v. Principi*, 17 Vet.App. 436, 442 (2004)); *see Stillwell*, *supra*.

## III. ANALYSIS

As noted above, the issue before the Court is whether the Secretary has met his burden of demonstrating that the Government's position was substantially justified at both the administrative and litigation stages. With respect to the administrative stage, the Secretary argues that his position was substantially justified because, although the Federal Circuit later determined that the Board had applied the wrong standard for rebutting the presumption of soundness, the 1999 Board decision was based on then-existing law. He further asserts that prior to the Federal Circuit's decision in *Wagner*, "there were no prior judicial pronouncements which could have directed the Board to act in contravention of VA's interpretation of section 1111," set forth in 38 C.F.R. § 3.304. Response (Resp.) at 7-8. With respect to the litigation stage, the Secretary argues that based on the totality of the circumstances, then-existing caselaw, and regulatory and statutory interpretation, his litigation position was reasonable, and therefore substantially justified. Resp. at 9-11.

Mrs. Patrick responds that the Secretary's position at the administrative stage was not substantially justified because the Court in 2008 determined that the Board erred by failing to provide an adequate statement of reasons or bases. She further asserts that the Secretary has offered no justification for this error and has therefore failed to carry his burden of demonstrating substantial justification. With respect to the litigation stage, Mrs. Patrick baldly asserts that the Secretary's position was not substantially justified.

*A. Substantial Justification at Administrative Stage*

Although Mrs. Patrick is correct that the Court ultimately remanded the matter below upon finding that the Board in 1999 had failed to provide an adequate statement of reasons or bases, which

could support a finding that the Secretary's position was not substantially justified at the administrative stage, *see Thompson v. Principi*, 16 Vet.App. 467, 470 (2002); *ZP v. Brown*, 8 Vet.App. 303, 304 (1995), a failure to provide an adequate statement of reasons or bases does not in all cases negate a finding that the Secretary was substantially justified. Indeed, when the statutory framework presents a confusing tapestry, the Secretary can be substantially justified in taking a position regardless of whether that position later turns out to be wrong. *Locher*, 9 Vet.App. at 537-40; *Felton v. Brown*, 7 Vet.App. 276, 280-84 (1994) (violation of regulations or statute does not mean that government's position is per se not substantially justified); *Gregory v. Brown*, 7 Vet.App. 127, 128 (1994); *Stillwell*, 6 Vet.App. at 303.

In the underlying case, the catalyst for the remand was the Federal Circuit's holding that its interpretation of section 1111 set forth in *Wagner* applied even in a CUE context. *Patrick*, 242 F. App'x at 698. Although the error found by the Court was termed a reasons-or-bases error, that error became apparent only after the Federal Circuit directed remand to the Board, if necessary, to determine whether the Government had rebutted the presumption of soundness under section 1111 by providing clear and unmistakable evidence of no in-service aggravation of the claimed disability. *Id.* Thus, because the purpose of the Court's remand was for the Board to comply with the Federal Circuit's then-recent interpretation of section 1111, in light of the law as it was understood at the time of the 1999 Board decision (which required only clear and unmistakable evidence of preexistence to rebut the presumption of soundness), the Board's failure to provide Mrs. Patrick with reasons or bases regarding whether the Secretary had rebutted the aggravation prong of the presumption of soundness under section 1111 was reasonable. *See Stillwell*, 6 Vet.App. at 302.

The Court recognizes the Federal Circuit's pronouncement in the underlying appeal that *Wagner* "did not <u>change</u> the law but explained what § 1111 has always meant." *Patrick*, 242 F. App'x at 698. Notwithstanding, the Board in 1999 followed then-existing precedent established by VA and upheld by this Court concerning rebutting the presumption under section 1111. *Compare Wagner*, 370 F.3d at 1096 (to rebut presumption of soundness under section 1111, clear and unmistakable evidence both that disability preexisted service *and* that it was not aggravated during service is needed), *with Doran v. Brown*, 6 Vet.App. 283, 286 (1994) (presumption of soundness "can be overcome only by clear and unmistakable evidence that a disability existed prior

5

to service"), *and Bagby v. Derwinski*, 1 Vet.App. 225 (1991) (presumption of soundness rebutted when there was clear and unmistakable evidence that appellant entered service with preexisting ulcer). The Secretary is not free to ignore binding precedent of this Court. *See Suozzi v. Brown*, 10 Vet.App. 307, 311 (1997) ("VA is bound to follow the controlling precedential decisions of this Court."); *Tobler v. Derwinski*, 2 Vet.App. 8, 14 (1991) ("[A] decision of this Court, unless or until overturned . . . [is] to be followed by VA agencies of original jurisdiction, the [Board], and the Secretary in adjudicating and resolving claims."). Further, "[t]he Board shall be bound in its decision by the regulations of the Department." 38 U.S.C. § 7104(c). Thus, despite the specifics of Mrs. Patrick's argument, in analyzing whether the Board in 1986 correctly determined that the presumption of soundness under section 1111 had been rebutted, the Board was bound by the test set forth in the statute's implementing regulation. As the Federal Circuit stated in *Jordan* when rejecting the appellant's argument that § 3.304 (which then required clear and unmistakable evidence of only preexistence to rebut the presumption of soundness under section 1111), was void *ab initio*, "the accuracy of the regulation as an interpretation of the governing legal standard does not negate the fact that the regulation did provide the first commentary on section 1111, and was therefore the initial interpretation of section 1111." *Jordan*, 401 F.3d at 1298.

Accordingly, considering the then-controlling precedent and the language of § 3.304, the Board's 1999 analysis of whether there was CUE in the March 1986 Board decision had a reasonable basis in law and fact and, thus, the Secretary's position at the administrative level was substantially justified. *See Clemmons v. West*, 12 Vet.App. 245, 247 (1999) (Secretary's position was substantially justified at administrative stage when Board relied on current law); *Moore v. Gober*, 10 Vet.App. 436, 440 (1997) (Court accounts for state of law at time of Board decision when determining reasonableness of position during administrative proceedings); *Stillwell*, *supra*.

At oral argument, Mrs. Patrick argued that the Board in 1999 did not apply 38 C.F.R. § 3.304, section 1111's implementing regulation, but rather, erroneously analyzed her claim under the presumption of aggravation under 38 U.S.C. § 1153, and its implementing regulation, 38 C.F.R. § 3.306. She asserts therefore that the Secretary could not be substantially justified at the administrative level because the Board did not apply the correct standard. A review of the 1999 Board decision reveals an analysis clearly focused on whether there existed clear and unmistakable

evidence that the disability at issue, which was not noted on Mr. Patrick's service entry examination form, preexisted service, an analysis that would not have been necessary if the Board were applying section 1153. *See Wagner* 370 F.3d at 1096 (distinguishing between claims based on disabilities noted and not noted at entry into service). Accordingly, Mrs. Patrick's argument must fail.

*B. Substantial Justification at Litigation Stage.*

Although Mrs. Patrick stated at oral argument that her challenge was only to the Secretary's position at the administrative stage, the Court notes that in her EAJA application she asserts that "the VA's position was not substantially justified at either the administrative or the litigation levels" (EAJA Application at 8), and in her EAJA application reply she argues that the "[G]overnment must justify *both* its position in the *litigation* for which the award is sought and *also* its position in the *administrative* decision which made that litigation necessary" (Reply at 5). The Court will therefore determine whether the Secretary's litigation position was substantially justified, albeit Mrs. Patrick presents only a bald assertion of error with respect to that stage.

The Secretary asserts that his position was substantially justified during the litigation stage because he relied on "essentially the same regulatory and statutory interpretation[] and then existing case law that had been relied upon by the Board." Resp. at 9. He also notes that the Court, in August 2002 and February 2006, affirmed the Board decision, thus approving of the position taken by the Secretary. He further argues that he was substantially justified at the litigation stage because the issue involved in the underlying case was whether a 1986 Board decision contained CUE rather than whether service connection for the cause of the veterans death should have been granted in the first instance; he asserts, therefore, that it was not apparent that *Wagner* would control the outcome of this case because the Federal Circuit had, during the pendency of the underlying appeal, issued its decision in *Jordan, supra*, which this Court interpreted to hold "that the presumption-of-soundness interpretation articulated in *Wagner* does not have retroactive application in a CUE case." *Patrick v. Nicholson,* No. 99-0916, 2006 WL 318822, at *9 (Vet. App. Feb. 1, 2006).

As stated above, the Secretary's original position was based on established precedent and practice. That fact, along with this Court's interpretation of the statute and regulation in the 2002 and 2006 single-judge memorandum decisions, leads to the conclusion that the Secretary's litigation position before the Court cannot be viewed as being in conflict with the clearly established

precedent; in fact the position followed established precedent and, thus, had a reasonable basis in law and fact. *See Stillwell*, 6 Vet.App. at 303; *see also Thompson v. Sullivan*, 980 F.2d 280, 282-83 (4th Cir. 1992) (Government's position was not "substantially justified" where Secretary argued contrary to "well-established law"); *Elcyzyn v. Brown*, 7 Vet.App. 170 (1994) (no substantial justification when Secretary's brief failed to mention statutory provisions as interpreted by precedential decisions of Court). Accordingly, the Secretary's position in litigating the appeal of this case before the Federal Circuit, and before this Court, was substantially justified. *See Carpenter v. West*, 12 Vet.App. 316, 321 (1999) (Secretary's position substantially justified at the litigation stage when that position is demonstrated to be reasonable); *Stillwell*, 6 Vet.App. at 303.

### III.  CONCLUSION

Upon consideration of the pleadings filed for this appeal, and for the reasons stated herein, the application is DENIED.