# United States Court of Appeals for the Federal Circuit

05-7152

THOMAS G. JOYCE,

Claimant-Appellant,

v.

R. JAMES NICHOLSON, Secretary of Veterans Affairs,

Respondent-Appellee.

Kenneth M. Carpenter, Carpenter, Chartered, of Topeka, Kansas, argued for claimant-appellant.

John S. Groat, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, argued for respondent-appellee. With him on the brief were Peter D. Keisler, Assistant Attorney General, David M. Cohen, Director, and Brian M. Simkin, Assistant Director. Of counsel on the brief were David J. Barrans and Amanda R. Blackmon, Attorneys, United States Department of Veterans Affairs, of Washington, DC.

Appealed from: United States Court of Appeals for Veterans Claims

Judge Jonathan R. Steinberg

# United States Court of Appeals for the Federal Circuit

05-7152

THOMAS G. JOYCE,

Claimant-Appellant,

v.

R. JAMES NICHOLSON, Secretary of Veterans Affairs,

Respondent-Appellee.

_____

DECIDED:  March 30, 2006

_____

Before LOURIE, RADER, and DYK <u>Circuit Judges</u>.

DYK, <u>Circuit Judge</u>.

Thomas G. Joyce ("Joyce") appeals the decision of the Court of Appeals for Veterans Claims.  That decision affirmed in part, reversed in part, vacated in part, and remanded in part the decision of the Board of Veterans Appeals (the "Board") finding no clear and unmistakable error ("CUE") in a 1955 Veterans' Administration ("VA") regional office ("RO") decision denying Joyce's disability compensation application.  <u>Joyce v. Nicholson</u>, No. 03-0059 (Vet. App. Mar. 22, 2005).  Because we conclude that the decision of the Court of Appeals for Veterans Claims is not final for purposes of our review, we dismiss.

BACKGROUND

Disability compensation for veterans is typically of two different types -- one for service connection where the injury or disease first manifested itself during service and another for in-service aggravation when a preexisting injury or disease is aggravated by service. A successful service connection claim results in full compensation for the injury or disease; aggravation claimants receive compensation reduced according to the degree of disability existing at the date of entrance into service. 38 C.F.R. § 3.322 (2005); Wagner v. Principi, 370 F.3d 1089, 1096 (Fed. Cir. 2004).

As we discussed in Wagner, 370 F.3d at 1093-96, a different regime prevails under 38 U.S.C. § 1110, which governs disability compensation for veterans who served during wartime. If the disability was not noted upon entry into service, wartime service disability compensation claimants benefit from a presumption of soundness which, if unrebutted, supports a finding that the disability was service-connected. The government may rebut this presumption of soundness only on a showing, by clear and unmistakable evidence: (1) that the disability preexisted service; and (2) that the disability was not aggravated due to service. 38 U.S.C. § 1111 (2000); Wagner, 370 F.3d at 1093-96. To satisfy the second requirement for rebutting the presumption of soundness, the government must rebut a statutory presumption of aggravation by showing, by clear and unmistakable evidence, either that (1) there was no increase in disability during service, or (2) any increase in disability was "due to the natural progression" of the condition. 38 U.S.C. § 1153 (2000); Wagner, 370 F.3d at 1096.[1]

---

[1] Under the wartime service regime, if the disability was noted at the time of entry into service, the veteran may seek compensation for in-service aggravation, and is entitled to the presumption of aggravation on such claims. 38 U.S.C. § 1153; Wagner,

Our decision in Wagner made clear that, under the wartime service regime, there is only one claim for a disability not noted upon entry -- a claim for service connection. We concluded that under such circumstances the statute has "essentially . . . the effect of converting an aggravation claim into one for service-connected disability." Wagner, 370 F.3d at 1096. We have held, however, that where the regulations in existence at the time of the original decision imposed a different rule, Wagner cannot be the basis for a CUE claim. Jordan v. Nicholson, 401 F.3d 1296, 1298 (Fed. Cir. 2005).

Joyce served on active duty in the Army from December 7, 1953, to April 30, 1954, during the Korean conflict. Service in the Korean conflict qualifies as wartime service for disability compensation purposes. 38 C.F.R. §§ 3.2(e), 3.304(a) (2005). A medical examination of Joyce upon entry into service noted no disability. Joyce was separated from service due to disability after a subsequent medical examination revealed a duodenal ulcer. On November 3, 1955, Joyce applied to the RO for service-connected disability compensation for a duodenal ulcer pursuant to former Veterans' Regulation ("VR") No. 1(a). The RO denied Joyce's claim on November 30, 1955, concluding that Joyce's ulcer "was not service incurred or aggravated." Id. In April 1998, Joyce filed with the Board a CUE claim regarding the November 1955 RO decision, asserting that the RO improperly denied him an award of service-connected disability. The Board rejected Joyce's claim in July 1998, but the Court of Appeals for Veterans Claims remanded to the Board for a more detailed statement of the reasons

---

370 F.3d at 1096. The presumption of aggravation may be rebutted either by evidence showing that there was no increase in disability during service, or by evidence supporting "a specific finding that the increase in disability is due to the natural progress of the disease." 38 U.S.C. § 1153.

for the Board's decision.  On remand, the Board again rejected the claim on September 25, 2002.

On appeal from the Board's September 25, 2002, decision, the Court of Appeals for Veterans Claims again remanded to the Board.  (Judge Hagel filed a separate concurrence.)  The court declined to address whether our decision in Wagner applied to Joyce's CUE claim because the court found that the regulations in effect in 1955 adopted the same rule.  Accordingly, the court viewed the case as involving a single claim -- one for service connection that could be established either by the presumption of soundness or the presumption of aggravation.  The court concluded that clear and unmistakable evidence before the RO showed that Joyce's condition preexisted service, and thus that the government had rebutted the presumption of soundness as to the preexisting condition prong of the inquiry.  The court also found uncontested evidence in the RO record that Joyce's disability had permanently increased in severity during service, and thus held that the RO was incorrect to conclude that Joyce's condition was not aggravated during service.  The court then turned to the question of whether Joyce's condition was aggravated by service or by the disease's natural progression.  The court concluded that it was CUE for the RO to decide that the presumption of aggravation had been rebutted because, while the evidence before the RO contained an implicit finding by medical authorities that the aggravation was due to the natural progression of the disease, the evidence did not reflect a "specific finding that increase in disability is due to the natural progress of the disease."  The court held that such an explicit finding is required to rebut the presumption of aggravation under the regulation.  The court thus vacated the judgment of no service connection and remanded for the Board to

determine whether the RO's error was outcome determinative, a required element of a CUE claim. See 38 C.F.R. § 3.105 (2000); Cook v. Principi, 318 F.3d 1334, 1344-45 (Fed. Cir. 2002) (en banc).

Joyce timely appealed the decision of the Court of Appeals for Veterans Claims to this court, and we have jurisdiction pursuant to 38 U.S.C. § 7292.

DISCUSSION

Our review of decisions of the Court of Appeals for Veterans Claims is governed by 38 U.S.C. § 7292. While that statute does not explicitly impose a final judgment requirement, we have nonetheless "generally declined to review non-final orders of the Veterans Court" on prudential grounds. Williams v. Principi, 275 F.3d 1361, 1363 (Fed. Cir. 2002) (internal quotation marks omitted). Williams established a three part test for deviation from the strict rule of finality:

> [W]e will depart from the strict rule of finality when the Court of Appeals for Veterans Claims has remanded for further proceedings only if three conditions are satisfied: (1) there must have been a clear and final decision of a legal issue that (a) is separate from the remand proceedings, (b) will directly govern the remand proceedings, or (c) if reversed by this court, would render the remand proceedings unnecessary; (2) the resolution of the legal issues must adversely affect the party seeking review; and (3) there must be a substantial risk that the decision would not survive such a remand, i.e., that the remand proceeding may moot the issue.

Id. at 1364 (footnotes omitted).

We have repeatedly made clear that a decision by the Court of Appeals for Veterans Claims remanding to the Board is non-final and not reviewable. See, e.g., Myore v. Principi, 323 F.3d 1347, 1351-53 (Fed. Cir. 2003); Winn v. Brown, 110 F.3d 56, 57 (Fed. Cir. 1997). The sole exception is where the remand action itself would independently violate the rights of the veteran, for example, where a remand would be

barred by statute. Stevens v. Principi, 289 F.3d 814, 817 (Fed. Cir. 2002); Adams v. Principi, 256 F.3d 1318, 1321-22 (Fed. Cir. 2001).

The parties here urge different views of the finality issue based on their different views as to the underlying claims. In Joyce's view, because Joyce's disability was not noted upon entry into service, Wagner establishes that there is only a single claim -- one for service connection that is established either through the presumption of soundness or the presumption of aggravation. Joyce insists that we may review the decision of the Court of Appeals for Veterans Claims because the court improperly remanded when it should have reversed the finding of no service connection in view of the court's conclusion that the government failed to rebut the presumption of aggravation. Alternatively, Joyce contends that if a remand was appropriate, the Court of Appeals for Veterans Claims' remand instructions should have required a determination as to whether the government had properly overcome the presumption of soundness by clear and convincing evidence. Joyce urges that this alleged error, too, is reviewable at this time.

The government, on the other hand, argues that under our decision in Jordan, Wagner is not a basis for a CUE claim, and thus for purposes of a CUE analysis there are two separate claims here -- one for service connection and one for aggravation. The government takes the position that the Court of Appeals for Veterans Claims' disposition of the service connection claim was final and is reviewable by this court, but the court's disposition of the aggravation claim was not final and thus is not reviewable.

In fact, we need not decide which view of the underlying claims is correct, because under either view, there is a lack of finality.

If Joyce has only a single claim, review is only available if the Williams test is satisfied. As to the third prong of that test, Joyce argues that there is a substantial risk that "the remand proceeding may moot the issue" because the alleged errors in the Court of Veterans Claims' decision will be binding on this court under the law of the case doctrine. We disagree. After completion of the remand proceedings and the entry of a final judgment by the Court of Appeals for Veterans Claims, the veteran may raise any objections to the judgment that was entered, whether the errors arose from the original Court of Appeals for Veterans Claims decision or the second and final decision. While the first Court of Appeals for Veterans Claims decision will be law of the case for the Court of Appeals for Veterans Claims, it will not, of course, in any way bind this court. 18B Charles Allan Wright & Arthur R. Miller, Federal Practice and Procedure § 4478.6 (2d ed. 2002) ("[A] court of appeals is free to review the original ruling after a district court or administrative agency has adhered to the ruling as the law of the case."). Accordingly, if there is only a single claim, review is unavailable under Williams.

If this case involves separate claims for service connection and aggravation, as the government urges, then the decision of the Court of Appeals for Veterans Claims nevertheless is not final. To be sure, under some circumstances review is available for a claim for which final judgment has been entered even if other, separate claims have been remanded. We addressed this issue in Elkins v. Gober, 229 F.3d 1369, 1376 (Fed. Cir. 2000). There, the Board denied Elkins' claims of service connection for headaches and back pain resulting from an automobile accident. The Veterans Court affirmed as to the headache claim, remanded the claim for back pain to the Board, and

rejected Elkins' argument that the medical evidence regarding his headaches also established a claim for service-connected neck pain. Id. at 1372. Elkins appealed the Veterans Court's decision as to his headache and neck pain claims to this court. We held that "[b]ecause . . . each 'particular claim for benefits' may be treated as distinct for jurisdictional purposes, a veteran's claims may be treated as separable on appeal." Id. at 1376 (quoting Maggitt v. West, 202 F.3d 1370, 1376 (Fed. Cir. 2000)) (citation omitted). We made clear, however, that we will not review final judgments on separable claims where other claims are still pending if our review would "disrupt the orderly process of adjudication" -- for example, where the appealed claim is "inextricably intertwined" with the remanded claim. Id. at 1374-76. Here, even if two separate claims are involved, Joyce's assertedly separate claims are inextricably intertwined because both claim compensation for the same disability. Review of the Veterans Court's decision as to the service connection claim is unavailable under Elkins because it would "disrupt the orderly process of adjudication."

We conclude that the decision of the Court of Appeals for Veterans Claims is not final and thus not reviewable by this court.

DISMISSED.

COSTS

No costs.