NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-7083

JOE S. CANTU, JR.,

Claimant-Appellant,

v.

JAMES B. PEAKE, M.D., Secretary of Veterans Affairs,

Respondent-Appellee.

Joe S. Cantu, Jr., of San Antonio, Texas, pro se.

Courtney E. Sheehan, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent-appellee. With him on the brief were Jeanne E. Davidson, Director, and Martin F. Hockey, Jr., Assistant Director. Of counsel on the brief were Ethan G. Kalett and Jane C. Kang, Attorneys, Office of the General Counsel, United States Department of Veterans Affairs, of Washington, DC.

Appealed from: United States Court of Appeals for Veterans Claims

Judge Lawrence B. Hagel

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-7083

JOE S. CANTU, JR.,

Claimant-Appellant,

v.

JAMES B. PEAKE, M.D., Secretary of Veterans Affairs,

Respondent-Appellee.

Petition for review of the United States Court of Appeals for Veterans Claims in 05-3661.

———————————————

DECIDED: July 11, 2008

———————————————

Before LINN, Circuit Judge, CLEVENGER, Senior Circuit Judge, and MOORE, Circuit Judge.

PER CURIAM.

Joe S. Cantu, Jr. (Mr. Cantu) petitions for review of the United States Court of Appeals for Veterans Claims' (Veterans Court) final order in Cantu v. Mansfield, No. 05-3661 (Vet. App. Nov. 13, 2007). The Veterans Court affirmed-in-part the September 23, 2005 decision of the Board of Veterans' Appeals (Board), which denied Mr. Cantu's claim for Department of Veterans Affairs (VA) benefits for post-traumatic stress disorder (PTSD), and remanded to the Board his claim for compensation under 38 U.S.C. § 1151 for residuals of radiation experimentation. We dismiss the appeal for lack of jurisdiction.

BACKGROUND

In October 2000, Mr. Cantu sought to reopen his previously denied claims of service connection for PTSD and compensation under 38 U.S.C. § 1151. In December 2000, the regional office denied entitlement to VA benefits for both claims. Mr. Cantu appealed the decision to the Board. The Board remanded Mr. Cantu's claims for additional development in September 2004. In September 2005, the Board reopened Mr. Cantu's previously denied claim for entitlement to VA benefits for PTSD and denied the claim on the merits. The Board declined to reopen Mr. Cantu's claim for benefits under § 1151, finding that new and material evidence had not been received. Mr. Cantu appealed to the Veterans Court, which affirmed the Board's decision regarding Mr. Cantu's claim for PTSD, but reversed and remanded Mr. Cantu's claim for compensation under § 1151. Mr. Cantu submitted a motion for reconsideration, the Veterans Court entered judgment on January 24, 2008, and this appeal followed.

DISCUSSION

The scope of our review of a Veterans Court decision is limited by statute. See 38 U.S.C. § 7292. Under § 7292(a), we may review a decision by the Veterans Court with respect to the validity of "any statute or regulation . . . or any interpretation thereof (other than a determination as to a factual matter) that was relied on by the [Veterans] Court in making the decision." Absent a constitutional issue, we may not review challenges to factual determinations or challenges to the application of a law or regulation to facts. Id. § 7292(d)(2).

Our jurisdiction is further limited to final judgments of the Veterans Court. See Joyce v. Nicholson, 443 F.3d 845, 849 (Fed. Cir. 2006) (citations omitted). "We have

repeatedly made clear that a decision by the Court of Appeals for Veterans Claims remanding to the Board is non-final and not reviewable." Id. We only depart from the strict rule of finality if three conditions are satisfied:

> (1) there must have been a clear and final decision of a legal issue that (a) is separate from the remand proceedings, (b) will directly govern the remand proceedings, or (c) if reversed by this court, would render the remand proceedings unnecessary; (2) the resolution of the legal issues must adversely affect the party seeking review; and (3) there must be a substantial risk that the decision would not survive such a remand, i.e., that the remand proceeding may moot the issue.

Williams v. Principi, 275 F.3d 1361, 1363 (Fed. Cir. 2002) (emphasis added).

Because there was no final judgment on Mr. Cantu's claim for compensation under 38 U.S.C. § 1151, the rule of finality bars that aspect of Mr. Cantu's appeal, unless the three Williams conditions have been satisfied. Here, the resolution of the § 1151 claim was not adverse to Mr. Cantu. The matter was remanded to provide Mr. Cantu with appropriate notice regarding the evidence required to reopen his appeal on that claim. Accordingly, we cannot review the aspect of Mr. Cantu's appeal regarding his claim for compensation for residuals of radiation experimentation.

Mr. Cantu's PTSD claim, however, involves a different alleged injury from his § 1151 claim regarding radiation experimentation, and the judgment on Mr. Cantu's PTSD claim is final and reviewable. See Elkins v. Gober, 229 F.3d 1369 (Fed. Cir. 2000) ("This Court has consistently recognized that the various claims of a veteran's overall 'case' may be treated as distinct for jurisdictional purposes."). Nonetheless, our limited jurisdiction precludes review of the judgment on Mr. Cantu's PTSD claim. Mr. Cantu has not raised any issue concerning the validity or interpretation of any statute, regulation, or rule of law. Nor has Mr. Cantu raised any constitutional issue that could

provide a basis for our jurisdiction. His destruction of records argument, although framed as a constitutional issue, Pet.'r Br., Answer to Question No. 3, is a challenge to a factual issue concerning the merits of the petition, which we are without jurisdiction to consider.

We have considered, but reject, the remainder of Mr. Cantu's arguments. For the foregoing reasons, we dismiss Mr. Cantu's appeal.

COSTS

No costs.