NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-7105

GLENN BARBER,

Claimant-Appellant,

v.

JAMES B. PEAKE, M.D., Secretary of Veterans Affairs,

Respondent-Appellee.

Glenn Barber, of Houston, Texas, pro se.

Sean B. McNamara, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent-appellee. With him on the brief were Gregory G. Katsas, Assistant Attorney General, Jeanne E. Davidson, Director, and Martin F. Hockey, Jr., Assistant Director. Of counsel on the brief were Michael J. Timinski, Deputy Assistant General Counsel, and Jamie L. Mueller, Staff Attorney, Office of the General Counsel, United States Department of Veterans Affairs, of Washington, DC.

Appealed from: United States Court of Appeals for Veterans Claims

Judge Robert N. Davis

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-7105

GLENN BARBER,

Claimant-Appellant,

v.

JAMES B. PEAKE, M.D., Secretary of Veterans Affairs,

Respondent-Appellee.

Appeal from the United States Court of Appeals for Veterans Claims in 06-0174, Judge Robert N. Davis.

_____

DECIDED:  December 3, 2008

_____

Before LOURIE, SCHALL, and PROST, <u>Circuit Judges</u>.

PER CURIAM.

## DECISION

Glenn Barber appeals from the decision of the United States Court of Appeals for Veterans Claims ("the Veterans Court") affirming in part, reversing in part, and remanding the decision of the Board of Veterans' Appeals ("the Board") denying entitlement to an initial disability rating in excess of 20% for a herniated intervertebral disc.  <u>Barber v. Peake</u>, No. 06-0174, 2008 U.S. App. Vet. Claims LEXIS 212 (U.S. App. Vet. Cl. Feb. 13, 2008).  We <u>dismiss</u> Barber's claims for lack of jurisdiction because the decision of the Veterans Court was not final.

BACKGROUND

Barber was in active military service from July 1972 to December 1975 and from June 1981 to February 1995. He was granted a 20% noncompensable disability rating, effective June 1995, for a herniated intervertebral disc that he developed during his service. In December 1999, the Board denied Barber's claim for a disability rating in excess of 20%. Barber appealed, and, in October 2000, the Veterans Court granted the parties' joint motion for remand for, among other things, an "additional medical examination." The court stated that "[a]ny medical conclusions that the Board reaches must be supported by independent medical evidence, such as an advisory opinion or recognized medical treatise(s)." The Board then obtained a medical opinion from a medical examiner at the Department of Veterans' Affairs ("the VA").

In September 2003, the Board mailed Barber a letter stating that he could submit additional evidence and argument within 90 days. The letter further stated that the VA would have the opportunity to review his case "[a]fter we receive your response, or at the end of the 90-day period, whichever comes first." Later that month, Barber's representative informed the VA that "VA Regional Office consideration is waived and evidence is submitted to [the Board]." The Board then issued a decision in December 2003, again remanding the case to the VA Regional Office. On January 9, 2006, the Board found that there was no evidence that Barber's lower back disability met the criteria for a disability rating in excess of 20%.

Barber appealed the Board's decision. The Veterans Court affirmed in part, but set aside the Board's decision, remanding for further proceedings. The court affirmed the Board's findings that: (1) Barber's herniated disc claim was not inextricably

2008-7105

-2-

intertwined with an earlier claim for disability based on hemangioma of the lumbar spine because the hemangioma claim had been finally decided when Barber failed to appeal the VA's decision, and because Barber had not alleged a causal relationship between the two disabilities; (2) the medical examination did not have to be performed by an independent medical examiner rather than the VA examiner; and (3) Barber's constitutional right to be heard was not violated when the Board issued the December 2003 decision prior to the expiration of the 90-day period following the mailing of the September 2003 letter. The court reversed the Board's finding that the VA had provided Barber with adequate notice of the essential elements of the Veterans Claims Assistance Act of 2000, required by 38 U.S.C. § 5103(a). The court thus remanded the case to require that the VA comply with § 5103(a) by providing Barber with an opportunity to submit new evidence and raise new arguments.

Barber timely appealed to this court. Our jurisdiction in appeals from the Veterans Court rests on 38 U.S.C. § 7292.

## DISCUSSION

The scope of our review of a Veterans Court decision is limited by statute. See 38 U.S.C. § 7292 (2000). Under § 7292(a), we may review a decision by the Veterans Court with respect to the validity of "any statute or regulation . . . or any interpretation thereof (other than a determination as to a factual matter) that was relied on by the [Veterans] Court in making the decision." Absent a constitutional issue, we may not review challenges to factual determinations or challenges to the application of a law or regulation to facts. Id. § 7292(d)(2).

Our jurisdiction is further limited to final judgments of the Veterans Court. See Joyce v. Nicholson, 443 F.3d 845, 849 (Fed. Cir. 2006) (citations omitted). We only depart from the strict rule of finality when the Veterans Court has remanded for further proceedings if three conditions are satisfied: (1) there must have been a clear and final decision of a legal issue that (a) is separate from the remand proceedings, (b) will directly govern the remand proceedings or, (c) if reversed by this court, would render the remand proceedings unnecessary; (2) the resolution of the legal issues must adversely affect the party seeking review; and, (3) there must be a substantial risk that the decision would not survive a remand, i.e., that the remand proceeding may moot the issue. Williams v. Principi, 275 F.3d 1361, 1363 (Fed. Cir. 2002).

Because there was no final judgment on Barber's claim for a disability rating in excess of 20% for his herniated disc, the rule of finality bars Barber's appeal, as the three Williams conditions have not been satisfied. Here, there was not a resolution of an issue that was separate from the remand, will directly govern the remand, or could render the remand unnecessary. The matter was remanded to provide Barber with appropriate notice regarding the evidence required to reopen his appeal on that claim. The three issues affirmed by the Veterans Court relate to the same alleged injury and whether Barber is entitled to a disability rating in excess of 20% for his herniated disc. Thus, Barber's entire claim was resolved in a way that was not adverse to Barber, and he will have the chance to appeal any adverse ruling when the Veterans Court has finally decided the issue of his disability for his herniated disc. Finally, there is no substantial risk that the Veterans Court's decision will not survive a remand. Accordingly, we cannot review Barber's appeal.

2008-7105

For the foregoing reasons, we <u>dismiss</u> Barber's appeal.

COSTS

No costs.

2008-7105