NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**JAMES W. STANLEY, JR.,**
*Claimant-Appellant,*

v.

**Eric K. Shinseki, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee.*

---

2012-7121

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 09-4142, Judge William A. Moorman.

---

Decided:  April 9, 2013

---

JAMES W. STANLEY, JR., of Little Rock, Arkansas, pro se.

DANIEL RABINOWITZ, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, argued for respondent-appellee.  With him on the brief were STUART F. DELERY, Principal Deputy Assistant Attorney General,

JEANNE E. DAVIDSON, Director, and SCOTT D. AUSTIN, Assistant Director. Of counsel on the brief were Y. KEN LEE, Deputy Assistant General Counsel, and MARTIN J. SENDEK, Attorney, United States Department of Veterans Affairs, of Washington, DC.

———————

Before DYK, SCHALL, and PROST, *Circuit Judges.*

PER CURIAM.

James W. Stanley, Jr. appeals the decision of the United States Court of Appeals for Veterans Claims ("Veterans Court") that affirmed-in-part, and vacated and remanded-in-part the decision of the Board of Veterans Appeals ("Board") finding that the Department of Veterans Affairs ("VA") General Counsel did not err in cancelling the accreditation of Mr. Stanley to represent claimants before the VA. *See Stanley v. Shinseki*, No. 09-4142, 2012 WL 651856 (Vet. App. Feb. 29, 2012) ("*Veterans Court Decision*"). Because we conclude that the decision of the Veterans Court was not sufficiently final for purposes of review, we *dismiss* the appeal.

BACKGROUND

Mr. Stanley is an attorney who was previously authorized, or "accredited," to represent claimants before the VA. In June 2000, the VA notified Mr. Stanley of its intent to initiate proceedings to terminate his accreditation based on his alleged receipt of payment for professional services, in violation of 38 U.S.C. § 5904. In response to the notification, Mr. Stanley acknowledged receipt of the relevant payments, but asserted that they were valid VA third party fee agreements under 38 C.F.R. § 20.609.

After conducting a hearing requested by Mr. Stanley, a VA hearing officer issued a lengthy report recommending the cancellation of Mr. Stanley's accreditation. The

VA General Counsel then cancelled Mr. Stanley's accreditation. Mr. Stanley filed a Notice of Disagreement contesting the cancellation, eventually perfecting an appeal to the Board.

In due course, the Board found that the VA General Counsel had properly determined that Mr. Stanley was not entitled to restoration of his accreditation to represent VA claimants. *In re Stanley*, No. 05-28 821A (Bd. Vet. App. Oct. 22, 2009) (the "*Board Decision*"). Mr. Stanley then appealed to the Veterans Court.

In the decision currently on appeal, the Veterans Court affirmed-in-part, and vacated and remanded-in-part the *Board Decision*. Specifically, the Veterans Court affirmed the Board's analysis as to various due process arguments lodged by Mr. Stanley. *See Veterans Court Decision*, 2012 WL 651856 at \*5–7. At the same time, the Veterans Court vacated certain factual findings and remanded with instructions for the Board to consider whether suspension, rather than loss of accreditation, was the appropriate sanction under the relevant regulations. *See id.* at \*8–11.

This appeal followed. We have jurisdiction under 38 U.S.C. § 7292 to review decisions of the Veterans Court.

DISCUSSION

Unlike statutes governing appeals from other tribunals, the statute conferring jurisdiction on this court to address appeals from the Veterans Court does not explicitly require a "final" decision. *Compare* 28 U.S.C. § 1295(a)(1) (conferring jurisdiction over "an appeal from a final decision of a district court") *with* 38 U.S.C. § 7292(a) ("After a decision of the United States Court of Appeals for Veterans Claims is entered in a case, any party to the case may obtain a review of the decision . . . ."). Despite that, when addressing the finality of partial remand orders from the Veterans Court, this court has

noted that "we have 'generally declined to review non-final orders of the Veterans Court' on prudential grounds." *See Joyce v. Nicholson*, 443 F.3d 845, 849 (2006) (quoting *Williams v. Principi*, 275 F.3d 1361, 1363 (Fed. Cir. 2002)).

This court has, however, identified a narrow exception to the finality rule, setting forth three necessary conditions:

> (1) there must have been a clear and final decision of a legal issue that (a) is separate from the remand proceedings, (b) will directly govern the remand proceedings or, (c) if reversed by this court, would render the remand proceedings unnecessary;

> (2) the resolution of the legal issues must adversely affect the party seeking review; and,

> (3) there must be a substantial risk that the decision would not survive a remand, *i.e.,* that the remand proceeding may moot the issue.

*Williams*, 275 F.3d at 1364; *see also Jones v. Nicholson*, 431 F.3d 1353, 1358 & n.3 (Fed. Cir. 2005) (discussing the narrowness of the exception).

In this case, we only need address the third so-called *Williams* condition to conclude that we must dismiss Mr. Stanley's appeal.[1] To meet the third *Williams* condition, the appellant must claim that he has a legal right not to be subjected to a remand, *see Joyce*, 443 F.3d at 849 (in a decision addressing solely the third *Williams* condition, noting that "[t]he sole exception [to the finality rule] is where the remand action itself would independently

---

[1] Mr. Stanley declined to file a reply brief to address finality, despite the fact that the VA raised the issue in its brief. *See* App'ee Br. 22 n.4.

violate the rights of the veteran, for example, where a remand would be barred by statute"); or the appellant must claim that a remand would "dispose[] of an important legal issue that would be effectively unreviewable at a later stage of the litigation," *Allen v. Principi*, 237 F.3d 1368, 1372 (Fed. Cir. 2001) (internal quotations omitted).

Here, there is no suggestion that the remand to the Board violates Mr. Stanley's rights because it is contrary to statute. The issue then is whether the remand may render moot the issues he presents. The issues raised by Mr. Stanley—three based on due process grounds and one similar to the remanded sanctions issue—are not at risk of becoming moot or not surviving the remand to the Board. That is because, regardless of the conclusion of the Board on remand—i.e., whether it determines that the proper punishment was loss of accreditation or, instead, suspension—Mr. Stanley will be able to file a subsequent appeal to this court alleging error in (1) the prior rejection of the three due process arguments in the *Veterans Court Decision*, *see Veterans Court Decision*, 2012 WL 651856 at *5–7, and/or (2) the future conclusion of the Veterans Court as to the sanctions issue after a decision by the Board. *See Joyce*, 443 F.3d at 850 (finding the third condition not met because the claimant could raise, in a later-refiled appeal, "any objections to the judgment that was entered, whether the errors arose from the original [Veterans Court] decision or the second and final decision"). Thus, the third *Williams* condition is not met.

By dismissing, we take no position as to the merits of the arguments set forth by Mr. Stanley in this appeal. As seen above, this dismissal does not hinder his ability to refile his appeal in this court after the Board and Veterans Court have fully adjudicated the issues currently pending before the Board, provided that all pre-filing requirements have otherwise been met. *See Duchesneau*

*v. Shinseki*, 679 F.3d 1349, 1353 (Fed. Cir. 2012) (discussing the appellant's ability to refile a dismissed appeal).

CONCLUSION

Because the *Veterans Court Decision* was not sufficiently final for review, we must dismiss. Given the length of time (more than a decade) that these proceedings have been pending, we assume that the VA, and on appeal, the Veterans Court, will resolve the remaining questions expeditiously.

Each party shall bear its own costs.

**DISMISSED**