NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

_____

**GEORGE A. BENAVIDES,**
*Claimant-Appellant,*

**v.**

**ERIC K. SHINSEKI, Secretary of Veterans Affairs,**
*Respondent-Appellee.*

_____

2013-7066

_____

Appeal from the United States Court of Appeals for Veterans Claims in No. 11-2775, Judge William A. Moorman.

_____

Decided: October 15, 2013

_____

GEORGE A. BENAVIDES, of San Antonio, Texas, pro se.

LAUREN S. MOORE, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent-appellee. With her on the brief were STUART F. DELERY, Acting Assistant Attorney General, JEANNE E. DAVIDSON, Director, and SCOTT D. AUSTIN, Assistant Director. Of counsel on the brief were DAVID J. BARRANS, Deputy Assistant

General Counsel, and LARA K. EILHARDT, Attorney, United States Department of Veterans Affairs, of Washington, DC.

———————————

Before PROST, REYNA, and TARANTO, *Circuit Judges.*

PER CURIAM.

George A. Benavides appeals a decision of the United States Court of Appeals for Veterans Claims ("Veterans Court") to vacate and remand a decision of the Board of Veterans Appeals ("Board") denying Mr. Benavides's claim for service connection for post-traumatic stress disorder ("PTSD"). *Benavides v. Shinseki*, No. 11-2775, 2013 U.S. App. Vet. Claims LEXIS 120 (Vet. App. Jan. 28, 2013) ("*Veterans Court Decision*"). Because the decision of the Veterans Court was not sufficiently final for purposes of review, we dismiss the appeal.

BACKGROUND

Mr. Benavides served in the United States Marine Corps from December 1993 to January 1998. His service medical records show that while on active duty, Mr. Benavides received dental care, including surgery to extract certain teeth, but did not complain of or receive treatment for psychiatric symptoms.

In December 2006, Mr. Benavides filed a claim for service connection for PTSD based on a "traumatic situation" during his service when a "bug or wiretap" was implanted in his "gingiva, tooth, or anatomy" which allowed others to intercept his thoughts. Mr. Benavides provided private treatment records dating from April 2006 and September 2007 to support his claim. In January 2008, a Regional Office ("RO") of the Department of Veterans Affairs ("VA") denied his claim for service connection.

The next month, Mr. Benavides filed a Notice of Disagreement with the RO's decision and submitted additional evidence in support of his PTSD claim, as well as added a claim for schizophrenia. The RO requested a VA examination to assess the presence of a mental disorder, noting that Mr. Benavides was seeking service connection for schizophrenia, but did not mention PTSD. The resulting November 2009 VA examination report diagnosed Mr. Benavides with paranoid schizophrenia and found it to be at least as likely as not that he had developed the condition during service.

On June 1, 2010, the RO issued a Statement of the Case denying Mr. Benavides service connection for both PTSD and schizophrenia. Two days later, the VA psychologist who prepared the November 2009 examination report submitted to the RO an addendum in which she explained her diagnosis of Mr. Benavides's schizophrenia, additionally opining that he exhibited a phase of schizophrenia during service. Consequently, the RO issued a new decision on June 11, 2010, granting Mr. Benavides's claim for service connection for schizophrenia, but denying service connection for PTSD. Mr. Benavides appealed the RO's denial of his PTSD claim and testified before the Board regarding the same.

In a September 2, 2011 decision, the Board denied Mr. Benavides's claim for PTSD, finding "there is no corroborated in-service stress[or] or properly established diagnosis of PTSD" to support it. The Board also found that the VA had substantially complied with the assistance provisions set forth in the law and regulations, and that the record in Mr. Benavides's case was adequate. The Board, however, remanded to the RO Mr. Benavides's claims for increased disability ratings for other unrelated service-connected conditions.

Mr. Benavides appealed the Board's decision to the Veterans Court. On January 28, 2013, the Veterans

Court vacated the Board's decision as to the denial of service connection for PTSD based on the Board's "inadequate statement of reasons or bas[e]s" and its failure to obtain service personnel records. Veterans Court Decision, at *1. The Veterans Court found that the Board failed to consider certain evidence relevant to Mr. Benavides's PTSD claim, and remanded the case back to the Board with instructions to obtain additional service medical records and to reconsider the claim upon review of such additional evidence. Id. at *15, *18–19. The Veterans Court also concluded that the Board's determination that the VA fulfilled its duty to assist was clearly erroneous because the VA failed to procure relevant service records. Id. at *18. Finally, the Veterans Court allowed Mr. Benavides the opportunity to submit additional evidence and argument to the Board on remand. Id. at *20. This appeal followed.

## DISCUSSION

The threshold issue here is whether this court has jurisdiction over Mr. Benavides's appeal of a remand order by the Veterans Court. While the statute conferring jurisdiction on us to review decisions of the Veterans Court does not explicitly require a "final" decision, we generally decline to review non-final orders of the Veterans Court on prudential grounds. *See Joyce v. Nicholson*, 443 F.3d 845, 849 (2006) (quoting *Williams v. Principi*, 275 F.3d 1361, 1363 (Fed. Cir. 2002)). This finality rule serves several purposes: it "promot[es] efficient judicial administration," "emphasize[s] the deference that appellate courts owe to the trial judge," and "reduces harassment of opponents and the clogging of the courts through successive appeals." *Williams*, 275 F.3d at 1364 (citing *Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 374 (1981)).

Thus, we typically do not review remand orders of the Veterans Court because they are not final decisions.

*Joyce*, 443 F.3d at 849 ("We have repeatedly made clear that a decision by the [Veterans Court] remanding to the Board is non-final and not reviewable."). However, we will depart from this rule of finality when three conditions are met:

> (1) there must have been a clear and final decision of a legal issue that (a) is separate from the remand proceedings, (b) will directly govern the remand proceedings, or (c) if reversed by this court, would render the remand proceedings unnecessary;

> (2) the resolution of the legal issues must adversely affect the party seeking review; and

> (3) there must be a substantial risk that the decision would not survive a remand, i.e., that the remand proceeding may moot the issue.

*Williams*, 275 F.3d at 1364 (footnotes omitted). This narrow exception to the finality rule is met only in rare circumstances. *Jones v. Nicholson*, 431 F.3d 1353, 1358 & n.3 (Fed. Cir. 2005); *Conway v. Principi*, 353 F.3d 1369, 1374 (Fed. Cir. 2004).

The remand order in this case does not meet the narrow exception articulated in *Williams*. Reading the Veterans Court decision closely and giving Mr. Benavides's informal briefing the broadest latitude, we do not find that the Veterans Court made a clear and final decision on a legal issue that adversely affects Mr. Benavides, as required by the first and second *Williams* conditions.

With respect to the first *Williams* condition, Mr. Benavides does not allege that the remand order misinterprets any statutory or regulatory language or misapplies binding case law. To the contrary, he concedes in his informal briefing that his appeal did not involve a challenge to the Veterans Court's determination of a legal

issue. Rather, Mr. Benavides is dissatisfied with the VA's alleged failure to comply with its duty to assist under 38 U.S.C. § 5103A by not investigating his claim that the Navy implanted a thought-intercepting device inside him. Whether the VA complied with its duty to assist is a factual determination and does not involve the resolution of a legal issue. As such, there has not been—and Mr. Benavides has failed to identify—a clear and final decision of a legal issue made in the remand order to satisfy the first *Williams* condition.

With respect to the second *Williams* condition, even assuming that the Veterans Court had decided a legal issue, Mr. Benavides cannot show that he is adversely affected by that decision. Indeed, Mr. Benavides appears to seek the precise relief that he has already obtained from the Veterans Court, i.e., an order remanding his case back to the Board with instructions to obtain and consider additional records pertaining to his claim for PTSD. *Veterans Court Decision*, at *18–19. In the decision, the Veterans Court agreed with Mr. Benavides that the Board's determination that the VA fulfilled its duty to assist was clearly erroneous because the VA failed to procure evidence necessary to substantiate his claim. *Id.* at *18. Thus, because the Veterans Court's remand order is a favorable decision for Mr. Benavides since it allows for the further investigation and development of his claim, the second *Williams* condition has not been satisfied.

In order for this court to have jurisdiction over a non-final remand order, each of the three *Williams* conditions must be met. Because Mr. Benavides has not met the first and second *Williams* conditions, we dismiss his appeal for lack of jurisdiction.

Mr. Benavides should realize that the dismissal of his appeal does not interfere with the further development of his claim. Mr. Benavides now has the opportunity to

submit additional evidence and argument on his claim for entitlement to service connection for PTSD to the Board. On remand, the Board must consider such additional evidence, along with Mr. Benavides's service medical records the VA has been tasked to procure, before rendering a new decision on Mr. Benavides's claim. If that new decision after completion of the remand proceedings is not in Mr. Benavides's favor and subsequently the Veterans Court enters final judgment against him, he is then free to file a second appeal to this court. *See Duchesneau v. Shinseki*, 679 F.3d 1349, 1353 (Fed. Cir. 2012) (discussing appellant's ability to re-file a dismissed appeal). To avoid any misunderstanding about this court's jurisdiction, we emphasize, however, that a second appeal may still fail to come within this court's jurisdiction for reasons distinct from the reason the present appeal fails. Mr. Benavides should be aware that this court's jurisdiction is narrow and does not generally encompass challenges to factual findings or to the application of statutory or regulatory standards to particular facts. *See* 38 U.S.C. § 7292(a).

## DISMISSED

### COSTS

Each party shall bear its own costs.