NOTE:  This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**GEORGE P. MURRAY, JR.,**
*Claimant-Appellant,*

**v.**

**SLOAN D. GIBSON, ACTING SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee.*

---

2014-7076

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 06-3271, Judge Mary J. Schoelen.

---

## ON MOTION

---

Before PROST, *Chief Judge*, WALLACH and CHEN, *Circuit Judges.*

PER CURIAM.

## O R D E R

The Acting Secretary of Veterans Affairs moves for the court to dismiss this appeal.

George P. Murray served in the Army from July 1970 until July 1973.  He sought disability compensation for an

acquired psychiatric disorder, including post-traumatic stress disorder (PTSD) in 1999. A Department of Veterans Affairs (DVA) medical examination diagnosed him with, among other things, PTSD.

A June 2006 Board of Veterans' Appeals (Board) decision determined that DVA's duty to assist had been satisfied. The Board then denied his claim for disability compensation because Murray's PTSD stressors had not been independently and objectively corroborated in accordance with the governing regulations then in effect.

The United States Court of Appeals for Veterans Claims (Veterans Court) remanded Murray's claim for the Board to apply the amended version of 38 C.F.R. § 3.304(f)(3) to determine if his PTSD stressors could be verified and for the Board to provide an adequate statement of reasons or bases as to whether it made reasonable efforts to obtain Murray's service records. Murray appeals the remand order.

This court has held that remand orders of the Veterans Court are not normally immediately appealable, because appeal should await entry of a final decision. *See Joyce v. Nicholson*, 443 F.3d 845, 849 (Fed. Cir. 2006); *Williams v. Principi*, 275 F.3d 1361, 1363 (Fed. Cir. 2002); *Adams v. Principi*, 256 F.3d 1318, 1320 (Fed. Cir. 2001).

Our decision in *Williams* provides a limited exception to the general rule that remand orders are not immediately appealable. We will depart from the strict rule of finality when a veteran establishes: (1) the Veterans Court issued a clear and final decision on a legal issue that (a) is separate from the remand proceedings, (b) will directly govern the remand proceedings or, (c) if reversed by this court, would render the remand proceedings unnecessary; (2) the resolution of the legal issue adversely affects the party seeking review; and (3) there is a substantial risk that the decision would not survive a re-

mand, i.e., that the remand proceeding may moot the issue. *Williams*, 275 F.3d at 1364.

Because Murray's appeal does not present any issues that would evade further review by this court and because Murray has not appealed from a final order or judgment, we grant the motion to dismiss for lack of jurisdiction. We waive the requirements of Fed. Cir. R. 27(f) which would otherwise require that jurisdictional issues be raised in a responsive brief after the filing of the appellant's brief. Murray may of course later appeal from a final Veterans Court decision if one is entered in a subsequent appeal to that court.

Accordingly,

IT IS ORDERED THAT:

(1)  The motion is granted.  The appeal is dismissed.

(2)  Each side shall bear its own costs.

FOR THE COURT

/s/ Daniel E. O'Toole
Daniel E. O'Toole
Clerk of Court

s26

ISSUED AS A MANDATE: June 17, 2014