NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

_____

**GEORGE D. PREWITT,**
*Claimant-Appellant*

**v.**

**DENIS MCDONOUGH, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

_____

2020-2172

_____

Appeal from the United States Court of Appeals for Veterans Claims in No. 19-5262, Judge Joseph L. Falvey, Jr.

_____

Decided:  March 23, 2021

_____

GEORGE DUNBAR PREWITT, JR., Greenville, MS, pro se.

ANTHONY F. SCHIAVETTI, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee.  Also represented by BRIAN M. BOYNTON, TARA K. HOGAN, ROBERT EDWARD KIRSCHMAN, JR.

_____

Before PROST, *Chief Judge*, CLEVENGER and HUGHES, *Circuit Judges*.

PER CURIAM.

George D. Prewitt appeals from the memorandum decision of the United States Court of Appeals for Veterans Claims, which affirmed in part, remanded in part, and dismissed in part Mr. Prewitt's appeal from the decision of the Board of Veterans' Appeals. For the reasons listed below, we dismiss Mr. Prewitt's appeal.[1]

I

Mr. Prewitt served on active duty in the United States Army from March 1968 to March 1970. While in combat in Vietnam, he suffered a gunshot wound to the neck. In June 1970, a VA regional office (RO) granted him service connection for gunshot wound residuals with a 30 percent disability rating. In that same decision, the RO denied his claim of service connection for hypertension.

On January 2, 1980, Mr. Prewitt applied for an increased rating for the gunshot wound residuals, and after an initial denial, the RO increased his disability rating for gunshot wound residuals from 30 to 40 percent, effective January 2, 1980. The RO also granted him separate 10 percent ratings for scarring on his neck and an injury to his fifth cranial nerve, effective January 2, 1980. In March 2005, Mr. Prewitt also submitted a claim for service

---

[1]    Mr. Prewitt's motion filed on February 8, 2021, Docket No. 28, which we construe as a motion for leave to supplement the appendix, is hereby granted. Mr. Prewitt's motion for clarification of our order directing the parties to submit supplemental briefing, filed on February 5, 2021, Docket No. 27, is hereby dismissed as moot because Mr. Prewitt submitted a supplemental brief in response to the order.

connection for tinnitus, which, after several appeals and remands, was granted with an effective date of March 30, 2005. In March 2006, Mr. Prewitt submitted an application to reopen his claim for hypertension that had been denied in 1970, and he was granted an effective date of November 20, 2006, for hypertension.

This appeal concerns an April 17, 2019, decision of the Board of Veterans' Appeals, in which Mr. Prewitt had appealed eight distinct issues. After the Board issued a decision that dismissed in part, denied in part, and remanded in part, Mr. Prewitt appealed the following issues to the Veterans Court: (1) the denial of an earlier effective date for tinnitus; (2) the denial of a rating greater than 10% from March 12, 1970, to January 1, 1980, for gunshot wound residuals; (3) the denial of his motion to revise the June 1970 rating decision on the basis of clear and unmistakable error (CUE); (4) the denial of an earlier effective date than June 2, 1980, for left cranial nerve 12 palsy; and (5) the denial of an effective date earlier than November 20, 2006, for hypertension. Mr. Prewitt also appealed the two issues remanded by the Board, (1) entitlement to a rating in excess of 40 percent from January 2, 1980, for gunshot wound residuals and (2) entitlement to a total disability rating based on individual unemployability due to service-connected disabilities (TDIU). App'x 35.[2]

The Veterans Court affirmed the Board's denial of an effective date earlier than March 30, 2005, for tinnitus and the denial of a rating greater than 10% from March 12, 1970, to January 1, 1980, for gunshot wound residuals. *Id.* at 36–38. The Veterans Court remanded part of the Board's decision regarding error in the June 1970 decision for several reasons, upon the Secretary's agreement that

---

[2]    Citations to App'x refer to the appendix filed by Mr. Prewitt and reflect the pagination applied by this court's electronic case files system, Docket No. 11.

the Board (1) failed to address all evidence in determining whether Mr. Prewitt was provided notice of his right to appeal and thus whether the June 1970 rating decision is final; (2) failed to rate Mr. Prewitt's cranial nerve and muscle injuries separately; and (3) failed to address whether relevant service treatment records were associated with the claims file since the June 1970 rating decision. *Id.* at 38–40. Additionally, the Veterans Court remanded the Board's denial of an effective date earlier than November 20, 2006, for hypertension for the Board to address the relevance of certain documents that both the RO and the Board did not address. *Id.* at 41–42.

The Veterans Court also dismissed several of Mr. Prewitt's claims. The Veterans Court found that Mr. Prewitt made a separate argument that the June 1970 rating decision contained CUE because the decision did not grant separate or increased ratings for cranial nerve 7 specifically, or for an upper radicular peripheral nerve disorder. Finding that Mr. Prewitt made these arguments for the first time on appeal, the Veterans Court dismissed for lack of jurisdiction. *Id.* at 40. The Veterans Court also found that it lacked jurisdiction to consider the appeal of the remanded claims for gunshot wound residuals and TDIU, as they are not final decisions of the Board. *Id.* at 40–41. And it dismissed Mr. Prewitt's appeal requesting an earlier effective date for cranial nerve 12 palsy, finding that he "ma[de] no discernable argument regarding [that] claim." *Id.* at 36.

Mr. Prewitt now appeals from the decision of the Veterans Court.

## II

## A

This court has limited jurisdiction to review decisions of the Veterans Court. We decide "all relevant questions of law, including interpreting constitutional and statutory

provisions." 38 U.S.C. § 7292(d)(1). But we lack jurisdiction to review factual issues and the application of law to fact, unless a constitutional question is presented. *Cook v. Principi*, 353 F.3d 937, 939 (Fed. Cir. 2003); 38 U.S.C. § 7292(d)(2).

In addition, while this jurisdictional statute "does not expressly premise appellate review on the finality of [the Veterans Court's] decision," we have "generally declined to review non-final orders of the Veterans Court." *Williams v. Principi*, 275 F.3d 1361, 1363 (Fed. Cir. 2002). Thus, we "typically will not review remand orders by the [Veterans Court]." *Id.* at 1364. "[U]nder some circumstances review is available for a claim for which final judgment has been entered even if other, separate claims have been remanded," but "we will not review final judgments on separable claims where other claims are still pending if our review would disrupt the orderly process of adjudication—for example, where the appealed claim is inextricably intertwined with the remanded claim." *Joyce v. Nicholson*, 443 F.3d 845, 850 (Fed. Cir. 2006) (internal quotation marks and citations omitted).

B

We begin by noting that the Veterans Court remanded four of Mr. Prewitt's claims: (1) whether the June 1970 RO decision was final; (2) whether the June 1970 decision contained error for failing to rate his cranial nerve and muscle injuries separately; (3) whether relevant service treatment records were associated with his claims file since the June 1970 RO decision; and (4) whether he is entitled to an effective date earlier than November 20, 2006, for hypertension. We decline to review any of these decisions, as they are non-final. We also decline to review Mr. Prewitt's constitutional challenges, which include an Equal Protection claim, a Due Process claim, and a Takings Clause claim, as they are "inextricably intertwined" with the remanded

portions of the Veterans Court's decision. *Joyce*, 443 F.3d at 850.

Four of Mr. Prewitt's claims are separable from the remanded claims: (1) the denial of an earlier effective date for tinnitus; (2) the denial of a rating greater than 10% from March 12, 1970, to January 1, 1980, for gunshot residuals; (3) the denial of his CUE claim regarding cranial nerve 7 and upper radicular peripheral nerve disorder; and (4) the denial of an earlier effective date for his cranial nerve 12 palsy claim. However, because Mr. Prewitt's arguments related to these claims concern only issues of fact or application of law to fact, we do not have jurisdiction to review them. 38 U.S.C. § 7292(d)(2); *Butler v. Shinseki*, 603 F.3d 922, 926 (Fed. Cir. 2010) ("[T]he factual findings of when a disability was claimed or service connection established are not subject to our review.").

Finally, Mr. Prewitt makes an argument regarding the "nullification" of the Board's orders by a "lower tribunal." Appellant's Br. at 8, 28–29.[3] Mr. Prewitt contends that a June 7, 2019, decision by "an unidentified RO" nullified several portions of the Board's April 17, 2019, decision. *Id.* at 28. However, because this issue was not presented to the Board or to the Veterans Court, we decline to review it. *Jackson v. Wilkie*, 732 F. App'x 872, 875 (Fed. Cir. 2018).

## III

Because Mr. Prewitt's appeal contains only claims that are not reviewable and claims over which we do not have jurisdiction, we dismiss.

**DISMISSED**

---

[3]    Citations to Mr. Prewitt's informal brief (and the pages and documents included therein) reflect the pagination applied by this court's electronic case files system, Docket No. 3.

PREWITT v. MCDONOUGH                                              7

COSTS

No costs.