NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**STANLEY L. DAVIS,**
*Claimant-Appellant*

**v.**

**DENIS MCDONOUGH, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2022-1247

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 18-4371, Chief Judge Margaret C. Bartley, Judge Joseph L. Falvey, Jr., Judge Joseph L. Toth.

---

Decided:  February 14, 2023

---

KENNETH DOJAQUEZ, Carpenter Chartered, Topeka, KS, argued for claimant-appellant.

ASHLEY AKERS, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, argued for respondent-appellee.  Also represented by BRIAN M. BOYNTON, MARTIN F. HOCKEY, JR., PATRICIA M. MCCARTHY; BRIAN D. GRIFFIN, ANDREW J. STEINBERG,

Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

―――――――――――――

 Before STOLL, SCHALL, and CUNNINGHAM, *Circuit Judges.*

STOLL, *Circuit Judge.*

Stanley L. Davis appeals the decision of the United States Court of Appeals for Veterans Claims (Veterans Court) affirming the Board of Veterans Appeals' (Board) denial of an earlier effective date for Mr. Davis's service-connected disability under 38 C.F.R. § 3.156(b) and vacating and remanding the Board's denial under § 3.156(c). Because the Veterans Court's decision is not final, we dismiss.

Remand orders from the Veterans Court are not final judgments. *See Williams v. Principi*, 275 F.3d 1361, 1363–64 (Fed. Cir. 2002). We generally decline to review a non-final order of the Veterans Court, and we deviate from this rule on finality only when a case meets each requirement of *Williams*'s three-pronged test. *Id.* At issue here is *Williams*'s third prong, which requires "a substantial risk that the decision would not survive a remand, *i.e.*, that the remand proceeding may moot the issue." *Id.* This prong is not met if (1) there is a single claim or (2) there are separable claims that are "inextricably intertwined because both claim compensation for the same disability." *Joyce v. Nicholson*, 443 F.3d 845, 850 (Fed. Cir. 2006). Here, regardless of whether we view Mr. Davis's claim under § 3.156(b) and (c) as a single claim or as separable claims "inextricably intertwined" because they claim compensation for the same disability, this case does not meet *Williams*'s third prong. We thus dismiss for lack of jurisdiction.

**DISMISSED**

COSTS

No costs.