Citation Nr: 1550117 
Decision Date: 11/30/15 Archive Date: 12/04/15

DOCKET NO. 14-24 145A ) DATE
 )
 )


THE ISSUE

Whether the denial of entitlement to service connection for thoracic lordoscoliosis in a May 4, 1981, decision of the Board of Veterans' Appeals (Board) should be revised or reversed on the basis of clear and unmistakable error (CUE).

(The issue of whether new and material evidence has been received to reopen a claim of entitlement to service connection for thoracic lordoscoliosis is addressed in a separate document.)


REPRESENTATION

Veteran represented by: Robert W. Legg, Attorney


ATTORNEY FOR THE BOARD

Michael Wilson, Associate Counsel



INTRODUCTION

The Veteran served on active duty from March 1977 to January 1978.

This matter comes before the Board on the Veteran's May 2014 motion alleging CUE in the Board Decision dated May 4, 1981. 


FINDINGS OF FACT

1. In a May 4, 1981, decision, the Board denied entitlement to service connection for thoracic lordoscoliosis.

2. The Veteran's CUE motion does not establish any kind of error of fact or law in the May 4, 1981, Board decision that when called to the attention of later reviewers compels the conclusion that the result would have been manifestly different but for the error.


CONCLUSION OF LAW

The May 4, 1981, Board decision that denied entitlement to service connection for thoracic lordoscoliosis does not contain clear and unmistakable error. 38 U.S.C.A. § 7111 (West 2014); 38 C.F.R. §§ 20.1400, 20.1403, 20.1404 (2015).


REASONS AND BASES FOR FINDINGS AND CONCLUSION

As a preliminary matter, the notice and assistance requirements of the Veterans Claims Assistance Act of 2000 are not applicable to motions alleging CUE. See Livesay v. Principi, 15 Vet. App. 165, 178-79 (2001) (en banc).

Under 38 U.S.C.A. § 7111, the Board has the authority to revise a prior Board decision on the grounds of CUE. A motion in which review is requested based on CUE in a Board decision may be filed at any time after the underlying decision is rendered. 38 U.S.C.A. § 7111; 38 C.F.R. § 20.1400.

CUE is a very specific and rare kind of error, of fact or law, that when called to the attention of later reviewers compels the conclusion, to which reasonable minds could not differ, that the result would have been manifestly different but for the error. 

To establish CUE the moving party must show that: (1) either the correct facts, as they were known at the time, were not before the adjudicator (i.e. more than a simple disagreement as to how the facts were weighed or evaluated) or the statutory or regulatory provisions extant at the time were incorrectly applied, (2) the error must be "undebatable" and of the sort "which had it not been made, would have manifestly changed the outcome at the time it was made," and (3) a determination that there was CUE must be based on the record and law that existed at the time of the prior adjudication in question. Damrel v. Brown, 6 Vet. App. 242, 245 (1994) (quoting in part Russell v. Principi, 3 Vet. App. 310 (1992)); see 38 C.F.R. § 20.1403(a).

Reviewing the facts of this case, the Veteran's service treatment records (STRs) include a February 1977 entrance examination which did not show any back disabilities. In August 1977 the Veteran reported to his base clinic with complaints of musculoskeletal pain. He was assessed with marked lumbar lordosis, noted as a congenital defect. He was referred to orthopedic services for a medical board. An August 1977 orthopedic treatment report noted that the Veteran had back pain since entering service, which had progressively increased. The assessment was kyphosis. A September 1977 clinical note showed back pain with marching, prolonged standing, and carrying heavy loads.

A December 1977 medical board report noted a history of an onset of back pain during recruit training. Physical examination showed an obvious right thoracic scoliosis, with an unusually marked thoracolumbar lordosis. The thoracolumbar lordosis was described as developmental, symptomatic with training. The medical board determined that the defect existed prior to service and was neither incurred in, nor aggravated by, his period of active service. 

In the May 1981 decision, the Board denied the claim for service connection for thoracic lordoscoliosis. The Board determined that the claimed disability preexisted service; that it was a congenital or developmental defect, and that it was not aggravated by service. 

In the May 2014 motion, the Veteran's representative specifically alleged that the Board committed CUE in the May 1981 decision by failing to apply the second prong of the presumption of soundness as enunciated in Wagner v. Principi, 370 F.3d 1089 (Fed. Cir. 2004). The Wagner Court interpreted provisions of 38 U.S.C.A. § 1111 (West 2014) that had been in effect since the 1940's. Under the presumption of soundness, Veterans are presumed to be in sound condition when examined, accepted and enrolled into service, except for except for defects, infirmities or disorders noted at the time of the examination, acceptance and enrollment. The presumption is rebuttable with clear and unmistakable evidence that the injury or disease existed prior to service and was not aggravated by such service.

The Wagner court held that provisions of former 38 C.F.R. § 3.304(b) (2004) that required only clear and unmistakable evidence of pre-existence to rebut the presumption soundness were inconsistent with the statute and thus invalid. Accordingly, the presumption could only be rebutted by clear and unmistakable evidence that the disability pre-existed service and that there was no aggravation. The Veteran's representative points out that under the provisions of 38 U.S.C.A. § 1137 (West 2014) (formerly 38 U.S.C.A. § 337) the presumptions of soundness contained in 38 U.S.C.A. § 1111 would be applicable to veterans with peacetime service after December 31, 1946.

In November 2015, the representative noted that the Federal Circuit had held that it's interpretation of § 1111 was a statement of the law as it had always been, and as such, had retroactive application in Patrick v. Shinseki, 668 F.3d 1325 (Fed. Cir. 2011). In Jordan v. Nicholson, 401 F.3d 1296, 1298 (Fed. Cir. 2005), the Federal Circuit held that its decision invalidating the provisions of 338 C.F.R. § 3.304(b) could not serve as a basis for finding CUE in prior final decisions no longer open to direct review by the court. The published Patrick decision did not involve an allegation of CUE, but the award of attorney's fees under the Equal Access to Justice Act and whether VA's litigation position was not substantially justified; however, the Federal Circuit had issued an unpublished decision in the same case suggesting that failure to apply both prongs of the standard for rebutting the presumption of soundness in 38 U.S.C.A. § 1111, could constitute CUE in a pre-Wagner Board decision. Patrick v. Nicholson, 242 Fed.Appx 695 (Fed. Cir. 2007). As discussed below, the Board finds that there was evidence of record at the time of the 1981 decision that could have supported finding that both prongs of the presumption of soundness were rebutted.

The representative notes language in the Board's 1981 decision that "there was no incident of back trauma or evidence at separation of a chronic worsening" and argues that this impermissibly placed the burden on the Veteran to establish that there had been no aggravation, when the burden was on VA to establish that there had been aggravation and that there was no such evidence. The representative argues that there was no evidence regarding aggravation.

There was; however, affirmative evidence that the back condition pre-existed service and was not aggravated. This was in the form of findings in the Medical Board Report in December 1977. After considering the Veteran's history and results of a physical examination, the Medical Board found the disability had pre-existed service and not been aggravated. The Veteran was reportedly informed of these findings and did not desire to submit a statement in rebuttal. 

The only positive findings reported on the Medical Board examination and report was the lordosis and reports of complaints pain on exertion. Other findings were within normal limits. The Board had no evidence of post service treatment or findings. The Board did have input from its medical member, who signed the decision and was competent to assess the nature of the back condition. See Evans v. McDonald, 27 Vet. App. 180, 203, footnote 4 (citing Bowyer v. Brown, 7 Vet. App. 549, 553 (1995) (making clear that the agency's use "of its own medical judgment provided by the medical member of [a] panel was common practice prior to the [Court's decision in] Colvin[ v. Derwinski, 1 Vet.App. 171 (1991) ]")).

The Board also had contrary evidence the Veteran stated in his notice of disagreement and substantive appeal that during the course of the current appeal that he had experienced no back symptoms prior to service. Clear and unmistakable evidence; however, could still be found even in the presence of some evidence to the contrary. Kent v. Principi, 389 F.3d 1380 (Fed. Cir. 2004). As noted above, the Board cannot find CUE in the 1981 decision by reweighing the evidence. 

Another contention raised by the Veteran's is that the Board violated its duty under 38 U.S.C.A. § 7104(c) to be bound in its decision by precedential opinions of VA chief legal officer. In the May 2014 motion, the Veteran's representative cited two precedential VA General Counsel Opinions, VAOPGCPREC 67-90 (1990) (previously issued in September 1988 as General Counsel Opinion 8-88) and VAOPGCPREC 82-90 (1990) (previously issued in March 1985 as General Counsel Opinion 1-85). The first opinion pertains to the presumption of soundness and whether it applied to diseases of hereditary origin. The second opinion pertains to the circumstances under which service connection was available for disease of congenital or developmental origin under 38 C.F.R. § 3.303(c). 

These opinions were both issued after the Board's 1981 decision and could not serve as a basis for finding CUE in a final decision made prior to their issuance. Jordan. Even if they were somehow applicable, they would not have supported a grant of service connection. In VAOPGCPREC 82-90, the General held that under 38 C.F.R. § 3.303(c) service connection was precluded for congenital or developmental defects; but not congenital or developmental diseases. In the 1981 Board decision it was explicitly found that the Veteran's back condition was a developmental defect. Implicit in the Veteran's argument is a belief that there was no evidence that the back condition was a defect rather than disease. Again, it was acceptable for the Board to have relied on the expertise of its medical member in this pre-Colvin decision.

Notably, VAOPGCPREC 82-90 clarified that congenital or developmental defects could be subject to superimposed disease or injury for which service connection might be warranted. There was no reported evidence of superimposed disability at the time of the May 1981 decision. Rather, the evidence clearly showed that the Veteran's claimed thoracic lordoscoliosis was the specific disability described in his STRs as being a developmental defect. 

VAOPGCPREC 67-90 merely held that hereditary disease did not always rebut the presumption of soundness. The Board's 1981 decision did not entail any consideration of a hereditary disease; and as previously noted there was evidence that would have supported a finding that the presumption of soundness was rebutted.

In the decision, the Board specifically noted that the Veteran's back condition was diagnosed as a congenital defect that existed prior to his entry into service, and that there was no objective evidence to indicate aggravation by way of a traumatic occurrence or an increase in underlying disability at the end of service. . 

The Veteran is correct in noting that the pertinent regulations provide that a preexisting injury or disease is presumed to have been aggravated by active service where such disability increased in severity during such service, and that clear and unmistakable evidence is required to rebut this presumption of aggravation. 38 C.F.R. § 3.306(a) & (b) (1981). In the case of congenital or developmental defects, however, relevant regulations provide that such defects are not disease or injuries within the meaning of applicable legislation. 38 C.F.R. § 3.303(c) (1981). 

There has been no allegation of an undebatable error in the May 1981 decision. Accordingly, the Board's May 1981 decision to deny entitlement to service connection for thoracic lordoscoliosis is not clearly and unmistakably erroneous. 38 U.S.C.A. § 7111; 38 C.F.R. §§ 20.1400, 20.1403, 20.1404.




ORDER

The motion for reversal or revision of the May 4, 1981, Board decision to deny entitlement to service connection for thoracic lordoscoliosis on the grounds of CUE is denied.

____________________________________________
Mark D. Hindin
Veterans Law Judge, Board of Veterans' Appeals

Department of Veterans Affairs