Citation Nr: 1829880 
Decision Date: 09/20/18 Archive Date: 09/24/18

DOCKET NO. 16-22 107 ) DATE
 )
 )


THE ISSUE

Whether the Veteran's motion to revise or reverse a November 9, 2015 Board decision denying an effective date for a rating of 50 percent for schizophrenia prior to July 25, 2012, on clear and unmistakable error (CUE), should be granted.


REPRESENTATION

Moving party represented by: Disabled American Veterans


ATTORNEY FOR THE BOARD

J. George, Associate Counsel


INTRODUCTION

The Veteran, who is the moving party, served on active duty from January 1963 to March 1964.

This matter comes before the Board in response to a May 2016 motion to reverse or revise a November 9, 2015 Board decision that denied an effective date for a 50 percent rating for schizophrenia prior to July 25, 2012. See 38 U.S.C. § 7111; 38 C.F.R. §§ 20.1400 et seq.

Pursuant to 38 C.F.R. § 20.900(c), the Veteran's appeal has been advanced on the docket. 38 U.S.C. § 7107(a)(2).


FINDINGS OF FACT

1. A November 9, 2015 Board decision denied an effective date for a 50 percent rating prior to July 25, 2012 as the Veteran filed his increased rating claim on August 29, 2012 and a worsening of his schizophrenia indicative of occupational and social impairment with reduced reliability was factually ascertainable as of July 25, 2012.

2. The November 9, 2015 Board decision was based on the law at the time and evidence then of record, and it constituted a reasonable exercise of judgment. It is not shown to have been clearly and unmistakably erroneous. 


CONCLUSION OF LAW

The criteria for revision or reversal of the Board's November 9, 2015 decision that denied an effective date for a 50 percent rating for schizophrenia prior to July 25, 2012 on the grounds of CUE have not been met. 38 U.S.C. § 7111; 38 C.F.R. §§ 20.1403, 20.1404.

REASONS AND BASES FOR FINDINGS AND CONCLUSION

Legal Framework

CUE is a very specific and rare kind of error. It is the kind of error, of fact or of law, that when called to the attention of later reviewers compels the conclusion, to which reasonable minds could not differ, that the result would have been manifestly different but for the error. 

Generally, either the correct facts, as they were known at the time, were not before the Board, or the statutory and regulatory provisions extant at the time were incorrectly applied. Review for CUE in a prior Board decision must be based on the record and law that existed when that decision was made. 38 C.F.R. § 20.1403. See also Damrel v. Brown, 6 Vet. App. 242, 245 (1994); Fugo v. Brown, 6 Vet. App. 40, 43 (1993); Russell v. Principi, 3 Vet. App. 310, 313-14 (1992).

To warrant revision of a Board decision on the grounds of CUE, there must have been an error in the Board's adjudication of the appeal that, had it not been made, would have manifestly changed the outcome when it was made. If it is not absolutely clear that a different result would have ensued, the error complained of cannot be clear and unmistakable. 38 C.F.R. § 20.1403(c).

The following are examples of situations that are not CUE: (1) a new medical diagnosis that corrects an earlier diagnosis considered in the Board's decision; (2) the Secretary's failure to fulfill the duty to assist; and (3) a disagreement as to how the facts were weighed or evaluated. 38 C.F.R. § 20.1403(d).

Moreover, CUE does not include the otherwise correct application of a statute or regulation where, subsequent to the Board's decision challenged, there has been a change in interpretation of the statute or regulation. 38 C.F.R. § 20.1403(e).

A motion for revision of a Board decision based on CUE must be in writing, and must be signed by the moving party or that party's representative. The motion must include the name of the veteran, the name of the moving party if other than the veteran, the applicable VA file number, and the date of the Board's decision to which the motion relates. Motions which fail to comply with these requirements shall be dismissed without prejudice to refiling. 38 C.F.R. § 20.1404(a).

Procedural Background

After the Veteran filed a claim for increase for service-connected schizophrenia in August 2012, the RO granted an increase to 50 percent, effective August 29, 2012, in a September 2013 rating decision. The Veteran appealed for an earlier effective date for the 50 percent rating. In the November 9, 2015 Board decision at issue, the Board granted an earlier effective date for the 50 percent rating for schizophrenia to July 25, 2012, but denied an even earlier date.

Later in November 2015, the Veteran filed a motion for reconsideration of the Board's November 9, 2015 decision. This motion was denied by the Board in May 2016. The Board then took a November 2015 submission as a motion for revision or reversal of the November 9, 2015 decision based on CUE. As the motion was filed within 120 days of the Board decision, the Board waited the requisite time to address the motion and the Veteran did not appeal to the United States Court of Appeals for Veterans Claims (Court). See May v. Nicholson, 19 Vet. App. 310, 320 (2005). Therefore, the Board may not address the CUE motion.

Analysis

Based on a sympathetic reading of the Veteran's motion, he has two contentions: (1) that VA failed in its duty to notify him that he needed to apply for an increased rating for schizophrenia if his symptoms worsened; and (2) that the effective date of his 50 percent rating should be 1964, which is when he separated from service.

The Veteran's first contention is a duty to notify or duty to assist error. The Veteran was granted service connection for schizophrenia in a January 1965 rating decision. The present version of the duty to assist came into existence with the Veterans Claims Assistance Act (VCAA) of 2000, and was not applicable at that time. However, even assuming that the VA had a duty to assist and notify, as stated above, a duty to assist error does not constitute CUE. 38 C.F.R. § 20.1403(d). Finally, contrary to the Veteran's assertion, there is no evidence that he was not in the computer or that his records were otherwise unknown to VA as the claims file documents benefit payments and other correspondence throughout the years. Rather, as a function of the claims process, with one exception discussed below, a Veteran must file a claim for VA to consider whether to grant increased compensation.

The Veteran also contends that his 50 percent rating should be effective from 1964, or at least prior to July 25, 2012. The effective date for an increased rating claims is the date on which the claim was received or, if the condition worsened within one year prior to the date of claim, the date on which it is ascertainable that the worsening occurred. 38 U.S.C. § 5110; 38 C.F.R. § 3.400. 

The Board granted a 50 percent rating from schizophrenia based on a July 25, 2012 VA mental health evaluation, which was within one year of the August 2012 claim for increase. During that visit, the Veteran noted that he heard voices related to his religious beliefs and was depressed every day. The Veteran remained socially isolated by choice and only interacted with his daughter. The veteran was wearing soiled clothing, though grooming and hygiene were otherwise normal. The Veteran's thought processes demonstrated loose association and were tangential. The Veteran had auditory hallucinations and limited insight. The Veteran had retired from Walt Disney after playing Pluto for 39 years. The psychologist indicated that the Veteran was able to maintain a job for a long time despite ongoing residual symptoms of hearing voices and a disorganized thought pattern.

Because the Board found that this VA evaluation demonstrated symptoms equivalent to the 50 percent criteria, a 50 percent rating was assigned from this date rather than the date of claim. This action was not error as this was a weighing of evidence and proper application of the effective date provisions pertaining to increased rating claims as to a factually ascertainable increase within the one-year-look back period. See 38 C.F.R. § 3.400(o)(2) (2015); Gaston v. Shinseki, 605 F.3d 979, 983 (Fed. Cir. 2010). 

In the November 9, 2015 decision, the Board also found that there was no pending claim for increase prior to the August 2012 claim from which the appeal that appeal arose. The remaining present CUE analysis is whether there was CUE in that finding, which is a reasonably raised contention in the Veteran's CUE motion.

The essential elements for any claim, whether formal or informal, are "(1) an intent to apply for benefits, (2) an identification of the benefits sought, and (3) a communication in writing." Brokowski v. Shinseki, 23 Vet. App. 79, 84 (2009); see 38 C.F.R. § 3.155. Although VA has amended the claims filing process to require the filing of proper standard forms, the "informal claim" provisions are for proper application given the time period in which the Veteran's claims were filed.

Until 2015, 38 C.F.R. § 3.157(b)(1) provides that that the date of outpatient or hospital examination or the date of admission to a VA or uniformed services hospital will be accepted as the date of receipt of a claim.

The Veteran was initially granted service connection for schizophrenia in a January 1965 rating decision and a 30 percent rating was assigned, effective March 13, 1964, which is the day after his separation from service. He was notified of the decision in February 12, 1965 correspondence. The Veteran did not file a notice of disagreement (NOD) with the rating assigned. No new and material evidence was received within one year of the notice. See 38 C.F.R. § 3.156(a) (1964). Therefore, the March 1964 rating decision is final. This was detailed in the November 9, 2015 Board decision and there is no error in this finding.

There was error in the Board decision as there is a rating decision addressing the Veteran's schizophrenia subsequent to the March 1964 rating decision. Evidence was received regarding a February 14-22, 1966 hospitalization for schizophrenia at a private facility-Halifax District Hospital. The evidence was received over one year after notification of the March 1964 rating decision. Nevertheless, the evidence was addressed by VA in a May 1966 rating decision. The RO confirmed and continued the 30 percent rating for schizophrenia. The Veteran was sent notification of the denial in May 1966 to his then current mailing address. No NOD was filed and no new and material evidence was received by VA within a year of the notice.

Although it was error by the Board in the November 9, 2015 decision to not address the May 1966 rating decision to determine if it was final, it is not CUE because ultimately that rating decision is final and the evidence received regarding schizophrenia was addressed by VA. Because the error is not outcome determinative, it is not CUE. See 38 C.F.R. § 20.1403(c).

Subsequently, in December 1980, the Veteran discussed his treatment from 1966 and 1967. The correspondence was in the context of education benefits. He noted that the doctor told him to take pills to treat his schizophrenia. He also noted getting a job at Disney World in 1971. There was no indication that the Veteran wished to file for an increased rating in this statement, and certainly no CUE in finding that the statement was not a claim by the Board in November 9, 2015.

The Board also properly considered whether 38 C.F.R. § 3.157(b) applied in the November 9, 2015 decision. The Board noted that there were prior VA medical records, but they were not a specific, particular examination pursuant to this provision. See, e.g., Massie v. Shinseki, 25 Vet. App. 123 (2011). Thus, this aspect of the decision was not CUE.

In his motion, the Veteran also alleged that discrimination in the military on the basis of race could have affected the outcome of his case. There is no indication that there was racial or other bias in the Board's November 9, 2015 decision or VA's other actions in this case.

Based on the above discussion, the Board finds that the November 9, 2015 Board decision was based on the law at the time and evidence then of record, and it constituted a reasonable exercise of judgment. It is not shown to have been clearly and unmistakably erroneous. The denial of an effective date prior to July 25, 2012 for the 50 percent rating for schizophrenia should not be revised or reversed based on CUE. Therefore, the Veteran's motion is denied.

ORDER

The motion for revision or reversal of the November 9, 2015 Board decision that denied a rating in excess of 30 percent prior to July 25, 2012 for schizophrenia, on the basis of CUE, is denied.




 ____________________________________________
 RYAN T. KESSEL
 Veterans Law Judge, Board of Veterans' Appeals


Department of Veterans Affairs